■ BRIAN FUCHS et al., Respondents, v HARRIETTE ARUTT et al., Appellants.—In an action to recover a down payment on a contract for the purchase of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DiPaola, J.), dated June 8, 1987, as denied that branch of their motion which was for summary judgment dismissing the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The instant action was commenced by the plaintiffs, *inter alia,* to recover a down payment of $52,000 that they had given to the defendant Arutt in connection with a contract for the purchase of realty owned by Arutt. The purchase was to be financed by a $350,000 mortgage. The contract of sale, which was signed by the plaintiffs on September 12, 1986, and by the defendant Arutt about 10 days later, provided, in the first paragraph of clause 33 thereof, as follows: "Purchasers hereby agree to immediately make a diligent, truthful and proper application for [a] mortgage and to furnish all information and records that may be required by the lending institution to whom the application is made. The Purchasers shall have forty-five days from the date hereof to obtain a firm commitment for such mortgage. If the Purchasers are unable to obtain a mortgage as provided for hereinabove by the aforementioned date, then either party shall have the right to cancel this contract by giving notice to the attorney for the other party, in writing, by certified mail, return receipt requested, and upon giving such notice this contract shall be-

come null and void and all sums paid on account thereof, by Purchasers to Seller, shall be refunded to Purchasers".

With respect to the first cause of action in the complaint, it was the plaintiffs' theory, which has some support in the record, that immediately after the parties signed the contract, they made a "diligent, truthful and proper application" for a mortgage commitment, as required by clause 33 of the contract, from Intercounty Mortgage Corporation (hereinafter Intercounty), and that, despite this effort, they were unable to obtain a mortgage commitment from Intercounty within the required 45-day period, i.e., by November 7, 1986. The plaintiffs further alleged that, on November 5, 1986, they requested an extension of seven days from the defendant Arutt to obtain a mortgage commitment and, upon Arutt's denial of that request, they timely and properly exercised their right to cancel the contract, and were therefore entitled to a refund of their down payment.

The record indicates that in July 1986 the plaintiffs applied for a mortgage commitment in the amount of $350,000 from J.L.B. Funding Corporation (hereinafter JLB), in connection with the proposed purchase of other realty in the immediate vicinity of the Arutt property. When that deal fell through, both JLB and the plaintiffs agreed to put the plaintiffs' application on hold and apply the plaintiffs' $375 application fee to another house if one became available. The defendants' theory was that (1) the plaintiffs represented, at the time they signed the contract with defendant Arutt, that they had a pending mortgage application with JLB, and (2) as a result of their subsequent cancellation of that application, the plaintiffs were unable to obtain a timely mortgage commitment. In this regard, the defendants relied on the second paragraph of clause 33 of the contract which provides as follows: "The Purchasers represent that they have contacted J.L.D. *[sic]* Funding Corp., a mortgage company, and have been informed by the said corporation that they qualify for a mortgage of $350,000.00 based upon the financial information furnished by Purchasers to J.L.D. *[sic]* Funding Corp".

In support of their motion for summary judgment, the defendants submitted affidavits from two officials of JLB who alleged, *inter alia,* that (1) the plaintiffs directed JLB to cancel their application for a mortgage commitment after September 12, 1986, and (2) but for this cancellation, the plaintiffs would have obtained a firm mortgage commitment by November 7, 1986.

These allegations were directly challenged by the plaintiff

Brian Fuchs who alleged in his opposing affidavit that (1) he canceled the mortgage application with JLB before he and his wife signed the contract for the purchase of the Arutt property on September 12, 1986, and (2) he therefore acted properly in applying to Intercounty for a mortgage commitment.

With respect to the second paragraph of clause 33 of the contract, both the plaintiffs and their counsel argued, *inter alia,* that this language makes no reference to any pending application for a mortgage commitment from JLB. Rather, the plaintiffs and their counsel alleged that this language (1) referred solely to plaintiffs' earlier application for a mortgage commitment on the nearby property which had been canceled prior to September 12, 1986, and (2) was meant to assuage defendant Arutt's fears that the plaintiffs might not have sufficient financial means to obtain a mortgage commitment of $350,000.

In view of the issues of fact which exist on this record, the Supreme Court, Nassau County, correctly denied that branch of the defendants' motion which was for summary judgment dismissing the first cause of action. Mangano, J. P., Bracken, Lawrence and Spatt, JJ., concur.