■ EDMOND A. BYRNE et al., Respondents, v ROBERT J. COLLINS et al., Appellants.—In an action to recover a down payment made pursuant to a contract of sale of certain real property, the defendants appeal from an order of the Supreme Court, Orange County (Ritter, J.), dated November 14, 1987, which granted the plaintiffs' motion for summary judgment and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The record establishes that the plaintiffs entered into a contract with the defendants for the sale of the defendants' home to the plaintiffs. Performance of the contract was expressly conditioned upon (1) the plaintiffs' ability to sell their own home in Warwick and (2) their ability to obtain a firm mortgage commitment from a reputable lending institution. The plaintiffs promptly obtained the mortgage approval, but

the approval was withdrawn prior to the contract closing date due to the loss of employment by the plaintiff Edmond Byrne. Moreover, the plaintiffs were unable to sell their home. The plaintiffs duly informed the defendants of their inability to go forward with the contract due to the withdrawal of the mortgage commitment and demanded their down payment. When the defendants refused to return the money the plaintiffs commenced this action.

The documents show that the plaintiff Edmond Byrne's employment terminated in May 1987, that the lender revoked the mortgage commitment due to the insufficient income and, that prior to informing the defendants of the plaintiffs' inability to go forward with the contract Mr. Byrne made a genuine effort to secure other employment in order to get the mortgage commitment reinstated. It is therefore clear that there was no willful breach of the contract of sale by the plaintiffs. Under the circumstances, we agree with the Supreme Court that the plaintiffs are entitled to the return of their down payment (see, *Bobrowsky v Landes,* 124 AD2d 618; *Lane v Elwood Estates,* 31 AD2d 949, *affd* 28 NY2d 620). Mangano, J. P., Brown, Lawrence and Harwood, JJ., concur.