(August 12, 1991)

■ PATRICE ANTOLOTTI, Respondent, v FRANK B. VERDERAME et al., Appellants.—In an .action to recover a down payment on a contract for the purchase of real estate, the defendants appeal from an order of the Supreme Court, Nassau County (Kutner, J.), dated January 25, 1990, which denied their motion for summary judgment and granted the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendants entered into a written contract for the sale to the plaintiff of the defendants' residential condominium for $380,000. The contract was conditioned on the plaintiff's obtaining, within a 45-day period, a mortgage commitment in the amount of $300,000 "or any lesser amount stated in the application made by the [plaintiff]". The period within which the plaintiff was required to obtain the commitment could be and was here extended, but the contract additionally provided that if the plaintiff did not obtain a "satisfactory" mortgage commitment by the end of any contingency period, she was to mail the defendants notice of that fact within five business days and that if she failed to give notice, "it shall be conclusively presumed that [she] obtained a satisfactory mortgage commitment".

The plaintiff duly applied for a mortgage commitment in the amount of $300,000, which amount she thereafter lowered to $285,000, but the lending institution advised that, because of the appraised value of the condominium, $275,000 was the maximum financing which was available. Although there is some indication that the plaintiff advised the lending institution in writing that the $275,000 amount was acceptable, she did not sign the mortgage commitment itself and her attorney advised the defendants' attorney in writing immediately prior to the end of the contingency period that although the plaintiff had obtained a $275,000 mortgage commitment, the mortgage contingency clause of the contract had not been satisfied. Her attorney further advised the sellers that the mortgage contingency clause could not be satisfied because the appraised value of the unit was less than the contract price, that the plaintiff was still willing to purchase the condominium

and that she intended to "renegotiate the arrangements" with the defendants. Further negotiations ensued and new documents were drawn but not signed by the plaintiff. This litigation ensued.

We conclude as did Supreme Court, that the plaintiff is entitled to summary judgment and to a return of the contract deposit. The plaintiff did not apply for and was not obligated to accept a mortgage commitment in the amount of only $275,000. Through her attorney, she timely notified the defendants, as required by the contract, that the mortgage contingency could not be fulfilled. Thus, the contract was properly terminated and the defendants were obligated to refund the deposit (see, e.g., Cone v Daus, 120 AD2d 788).

We also agree with Supreme Court that although there were further negotiations between the parties after termination of the original contract, no enforceable contract was thereby created (see, General Obligations Law § 5-703). Although the newly-drafted contract documents had the plaintiff's name typed on them, the spaces on those documents specifically reserved for her signature demonstrate that the typed name was not intended to serve in the place of a signature (see, Mesibov, Glinert & Levy v Cohen Bros. Mfg. Co., 245 NY 305). Finally, the defendants, who also counterclaimed for specific performance of the "purchase", have failed to demonstrate that an issue of fact exists as to whether any actions of the parties are unequivocally referable to an oral agreement so as to take the transactions between the parties outside the Statute of Frauds (General Obligations Law § 5-703 [4]; Burns v McCormick, 233 NY 230; Lilling v Slauenwhite, 145 AD2d 471). Mangano, P. J., Kooper, Sullivan and Harwood, JJ., concur.