(June 22, 1992)

■ WILLIAM BERHOLTZ, Respondent, v ANDREAS GEORGIOU et al., Appellants.—In an action, *inter alia,* to recover a down payment made on a contract for the sale of real property, the defendants appeal from a judgment of the Supreme Court, Nassau County (Kohn, J.), entered October 29, 1990, which, upon an order of the same court, dated August 16, 1990, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against them in the principal sum of $17,755.

Ordered that the judgment is affirmed, with costs.

In September 1987 the plaintiff buyer entered into a contract with the defendants sellers Andreas and Jenny Georgiou to purchase certain real property located at 221 Water Lane, South Wantaugh, New York. Paragraph 9 of a rider to the contract provided, in pertinent part: "this contract is subject to and conditioned upon the Purchasers obtaining * * * within 60 days herefrom a conventional mortgage commitment * * * in the amount of $160,000 * * * In the event Purchasers are unable through no willful default of their own to obtain such mortgage commitment within such time * * * then sellers shall refund to purchasers all sums paid hereunder and this contract shall thereupon be terminated and void, with no rights of either party as against the other". The buyer paid $17,755 as a down payment upon signing the contract.

The buyer thereafter attempted to secure a mortgage by filing an application with Home Mortgage Corporation six days after the date of the contract. By letter dated December 1, 1987, however, the application was denied because, as the buyer had evidently revealed, he had borrowed funds for the down payment and closing costs and thus did not meet underwriting guidelines. This action ensued, following the sellers' refusal to refund the buyer's down payment.

We agree with the Supreme Court that the buyer established his entitlement to judgment as a matter of law *(see,*

CPLR 3212). The buyer demonstrated, by competent evidence, that he signed a contract conditioned upon his obtaining a mortgage and, through no willful default, his application was denied. Therefore, pursuant to the express terms of the contract, the buyer was entitled to a full refund of his down payment *(see, Smith v Faruolo, Caputi & Weintraub,* 161 AD2d 576; *Flaherty v Elber Constr. Corp.,* 149 AD2d 655). The sellers' conclusory and speculative allegations that the buyer might not have exhibited good faith and due diligence in attempting to obtain a mortgage are unsupported by the record *(cf., Fuchs v Arutt,* 138 AD2d 673), and do not establish the existence of a genuine issue of fact to be resolved at trial.

We have reviewed the sellers' remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.