■ Jo ANN ARNOLD et al., Respondents, v ADELE BIRNBAUM et al., Appellants. [598 NYS2d 68] —In an action to recover a down payment for the sale of real property, the defendants appeal from a judgment of the Supreme Court, Queens County (Dunkin, J.), dated May 16, 1991, which, *inter alia,* granted the plaintiffs' motion for summary judgment directing the defendants to return the down payment to them, and denied the defendants' cross motion for summary judgment dismissing the complaint and on their counterclaim to retain the down payment as contractual damages.

Ordered that the judgment is reversed, on the law, with costs, the plaintiffs' motion for summary judgment is denied, the defendants' cross motion for summary judgment is granted, and the complaint is dismissed.

The plaintiffs and the defendants Adele and Abraham Birnbaum (hereinafter the defendant sellers) entered into a written contract for the sale to the plaintiffs of a residential condominium unit. The contract was conditioned on the plaintiffs' obtaining a "satisfactory" mortgage commitment within a 45-day contingency period. The contract further provided that "[i]f the [plaintiffs have] not obtained a satisfactory

mortgage commitment by the end of any contingency period, the [plaintiffs] shall within 5 business days thereafter mail notice of that fact". In the event the plaintiffs failed to give notice, the contract stated that: "it shall be conclusively presumed that the [plaintiffs] obtained a satisfactory mortgage commitment". The contract further provided that when a satisfactory mortgage commitment is obtained, the contract becomes binding as if the mortgage contingency clause "had not been written".

The plaintiffs applied for and received a mortgage commitment. The mortgage commitment, however, was contingent upon the prior sale of the plaintiffs' own apartment. Upon receipt of this commitment, the plaintiffs timely notified the defendant sellers that a mortgage commitment had been obtained, but did not state that the commitment was conditional. Long after the expiration of the contingency period, the plaintiffs notified the defendant sellers that they were unable to sell their apartment and that they were therefore unable to obtain a mortgage. The plaintiffs' request that the defendant sellers and their attorney, the defendant Barry R. Auerbach, return the down payment was denied and this litigation ensued. The Supreme Court granted summary judgment in favor of the plaintiffs directing that the down payment be returned to them. We reverse and grant summary judgment in favor of the defendants.

The plaintiffs failed to avail themselves of the contract provision allowing them to cancel the contract upon timely notification to the defendant sellers that they had not obtained a satisfactory mortgage commitment within the 45-day contingency period. Instead, the plaintiffs' affirmatively represented that a mortgage commitment had been obtained which operated to satisfy the contingency clause and no right of cancellation remained. Their subsequent untimely attempt to claim that they were unable to obtain a mortgage was ineffective. Therefore, the contract had not been terminated when the plaintiffs failed to appear for the scheduled closing, rendering the plaintiffs in breach of the contract (see, Antolotti v Verderame, 175 AD2d 822).

With respect to the defendants' request that the matter be remitted for a hearing on the issue of any additional damages they may have incurred as a result of the plaintiffs' breach, we note that this issue was not raised before the Supreme Court in either the defendants' answer or cross motion and therefore is not properly before this Court. Bracken, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.