■ MONICA SCIALES et al., Respondents-Appellants, v JOANNE FOULKE et al., Appellants-Respondents. [630 NYS2d 325] —In an action to recover a down payment for the purchase of real estate, the defendants appeal from so much of an order of the Supreme Court, Kings County (Garry, J.), dated February 24, 1994, as denied their cross motion for summary judgment and attorney's fees, and the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment.

Ordered that the order is reversed insofar as cross-appealed from, on the law, and the plaintiffs' motion is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiffs-purchasers entered into a contract with the defendants-sellers Joanne Foulke and Phillip Leshinsky to purchase their co-op apartment. In accordance with the contract, the purchasers paid a $16,100 down payment to the sellers' attorney, as escrowee. The contract contained standard provisions providing that it was conditioned upon the purchasers obtaining financing. The contract further required the "purchaser", which was defined as the three purchasers, to make a good-faith application for a loan within 7 days after execution of the contract.

Thereafter, the purchasers, with the exception of the purchaser William Sciales, applied for a mortgage. The purchasers obtained a loan commitment conditioned upon the purchasers obtaining private mortgage insurance (hereinafter PMI). Subsequently the bank rescinded the commitment because the purchasers were unable to obtain PMI approval.

As long as purchasers exert a genuine effort to secure mortgage financing and act in good faith, they are entitled to recover their down payment if the mortgage is not in fact approved through no fault of their own *(see, Byrne v Collins,* 142 AD2d 661; *Cone v Daus,* 120 AD2d 788; *Lane v Elwood Estates,* 31 AD2d 949, *affd* 28 NY2d 620). In the case at bar, we find that the conditional loan commitment from the bank demonstrates that the purchasers made good faith efforts to obtain financing. The defendants have provided no evidence that the denial of PMI approval was due to the purchaser William Sciales' failure to join in the loan application. Thus, the purchasers were entitled to summary judgment for return of the down payment. Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.