■ Elise Long, Respondent-Appellant, v Charles B. Legg III, Defendant, and Frederick Bittner, Jr., Appellant-Respondent. [695 NYS2d 367] —On the Court's own motion, it is ordered that its unpublished decision and order dated June 14, 1999, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover a down payment for the purchase of real estate, the defendant Frederick Bittner, Jr., appeals from (1) a judgment of the Supreme Court, Dutchess County (Bellantoni, J.), dated April 6, 1998, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $15,500, the amount of the down payment, and (2) so much of an order of the same court, dated July 20, 1998, as denied his motion, *inter alia,* to dismiss the complaint based on the plaintiff's failure to prosecute, and the plaintiff cross-appeals from so much of the same order as denied her cross motion for an award of costs and the imposition of sanctions.

Ordered that the judgment and order are affirmed, with one bill of costs to the respondent-appellant; and it is further,

Ordered that the appellant-respondent Frederick Bittner, Jr., and counsel for the respondent-appellant are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against the appellant-respondent pursuant to 22 NYCRR 670.2 (h) as

this Court may deem appropriate, by filing an original and four copies of an affirmation or affidavit on that issue in the office of the clerk of this Court and serving one copy of the same on all parties to the action on or before October 20, 1999.

The plaintiff entered into a contract for the purchase of a building. In accordance with the contract, the plaintiff paid a $15,500 down payment to the seller's attorney, the defendant Frederick Bittner, Jr., as escrowee. The contract provided that it was conditioned upon the purchaser obtaining financing. The plaintiff then approached numerous banks in order to obtain financing and submitted applications to two of them. When the plaintiff was unable to obtain financing within the time expressed in the contract, Bittner released the down payment to the seller.

"As long as purchasers exert a genuine effort to secure mortgage financing and act in good faith, they are entitled to recover their down payment if the mortgage is not in fact approved through no fault of their own" (*Sciales v Foulke,* 217 AD2d 693, 694; *Byrne v Collins,* 142 AD2d 661; *Cone v Daus,* 120 AD2d 788; *Lane v Elwood Estates,* 31 AD2d 949, *affd* 28 NY2d 620). Here, the plaintiff made a good faith effort to obtain financing. Bittner failed to provide evidence that the plaintiff's inability to obtain financing in the time provided was due to the plaintiff's failure to diligently pursue a mortgage. Thus, the plaintiff was entitled to a judgment returning the down payment.

As Bittner withdrew, in writing, his demand for a note of issue, his motion to dismiss the complaint for failure to prosecute pursuant to CPLR 3216 is without merit.

In light of, *inter alia*, Bittner's conduct in pursuing the motion to dismiss the complaint, he and counsel for the plaintiff are directed to show cause why sanctions and/or costs should or should not be imposed against Bittner pursuant to 22 NYCRR 670.2 (h).

The parties' remaining contentions are without merit. Bracken, J. P., S. Miller, Thompson and Sullivan, JJ., concur.