■ MICHAEL DUFFY et al., Appellants, v CHRISTA ST. GERMAIN, Respondent. [801 NYS2d 48]—

In an action, inter alia, for a judgment declaring that the defendant breached a contract for the purchase of real property, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated April 29, 2004, which granted the defendant's motion for summary judgment and for the return of her down payment, and denied their cross motion for summary judgment and to retain the down payment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the defendant did not breach the subject contract and is entitled to the return of her down payment.

The defendant made a prima facie showing of entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). She demonstrated that she signed a contract to purchase the subject real property, on which a new home was to be built, conditioned upon her obtaining a mortgage commitment within 30 days of the date of the contract. The defendant further demonstrated that she timely obtained that commitment, which subsequently expired through no fault of her own, due to the plaintiffs' delays in constructing the subject home. In good faith, the defendant reapplied for a new mortgage, but was unable to obtain one due to changes in

her personal and financial circumstances. Pursuant to the express terms of the contract, the defendant was entitled to a full refund of her down payment (*see Long v Legg,* 264 AD2d 718, 719 [1999]; *Berholtz v Georgiou,* 184 AD2d 677 [1992]; *Flaherty v Elber Constr. Corp.,* 149 AD2d 655 [1989]). In opposition to the defendant's motion, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Thus, the Supreme Court correctly concluded that the defendant was entitled to summary judgment and the return of her down payment.

The defendant's contention regarding interest is an issue appropriately addressed in the first instance in the Supreme Court.

The plaintiffs' remaining contentions are without merit.

Since this action, in part, seeks a declaratory judgment, the matter must be remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the defendant did not breach the subject contract, and is entitled to the return of her down payment (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962]; *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., H. Miller, Cozier and Spolzino, JJ., concur.