■ BETTY ANN D'AGNESE, Formerly Known as BETTY ANN PINCKNEY, Appellant, v DIANA SPINELLI, Respondent. [814 NYS2d 528]—

In an action to recover damages for breach of a real estate contract, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (LaCava, J.), entered July 1, 2005, which, after a nonjury trial, and upon a decision of the same

court dated October 8, 2004, is in favor of the defendant on her counterclaims and against the plaintiff in the principal sum of $20,000.

Ordered that the notice of appeal from the decision is deemed to be a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

"As this case was tried to the court, without a jury, this Court's power to review the evidence is as broad as that of the trial court, with appropriate regard given to the decision of the trial judge who was in a position to assess the credibility of the witnesses" (*Bubba's Bagels of Wesley Hills, Inc. v Bergstol,* 18 AD3d 411, 412 [2005]; *see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]). Here, we agree with the trial court's conclusion that the defendant properly and effectively exercised her right to cancel the subject real estate contract in accordance with the mortgage contingency clause (*see Suarez v Ingalls,* 282 AD2d 599 [2001]; *Baker v Norman,* 226 AD2d 301 [1996]; *Dellicarri v Hirschfeld,* 210 AD2d 584 [1994]). Thus, under the express terms of the contract, the defendant was entitled to a full refund of her down payment, together with the interest which was earned from the deposit of her down payment in an interest-bearing account (*see Duffy v St. Germain,* 21 AD3d 872 [2005]; *Baker v Norman, supra; Berholtz v Georgiou,* 184 AD2d 677 [1992]; *Lindenbaum v Royco Prop. Corp.,* 165 AD2d 254 [1991]; *Kressel, Rothlein & Roth v Gallagher,* 155 AD2d 587 [1989]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.