■ JOANNE HOFT, Appellant, v BAILA FRENKEL, Respondent, et al., Defendant. [860 NYS2d 209]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated April 2, 2007, as granted those branches of the motion of the defendant Baila Frenkel which were for summary judgment dismissing the complaint insofar as asserted against her and on the counterclaim to recover a down payment on a contract for the sale of real property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Baila Frenkel (hereinafter the defendant) entered into a contract with the plaintiff to purchase the plaintiff's house. The contract was fully executed on July 29, 2005. In accordance with the contract, the defendant paid a $54,500 down payment to the plaintiff's attorneys, the defen-

dant Balsamo Byrne Cipriani & Ellsworth, as escrowee. The contract was conditioned upon the defendant obtaining a mortgage commitment within 30 days. The contract further required the defendant to make a good-faith effort to obtain such financing. Thereafter, the defendant's loan application was provisionally approved by a lender, subject to verification of, inter alia, the defendant's creditworthiness. On August 27, 2005 a bank officer verbally notified the defendant that it had denied her mortgage application. By letter dated August 29, 2005 the defendant's attorney notified the plaintiff's attorney that she intended to cancel the contract in accordance with the express terms of the mortgage contingency clause. On August 30, 2005 the bank rescinded the commitment on the ground that the defendant had "insufficient income."

The plaintiff brought this action to recover damages for breach of contract, claiming that she was entitled to retain the down payment pursuant to a liquidated damages clause in the contract of sale. The defendant counterclaimed, inter alia, for the return of her down payment. The defendant moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her and for summary judgment on her counterclaim for the return of her down payment. The Supreme Court granted those branches of the defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against her and for summary judgment on her counterclaim for the return of her down payment. We affirm.

The defendant made a prima facie showing of her entitlement to judgment as a matter of law dismissing the complaint and for summary judgment on her counterclaim for the return of her down payment pursuant to the terms of the contract of sale. She demonstrated that she signed a contract to purchase the subject real property, conditioned upon her obtaining a mortgage commitment within 30 days of the date of the contract. The defendant further demonstrated that she engaged in good faith efforts to obtain a mortgage commitment within that time period, and that her loan application was denied due to lack of qualifications. That evidence established, prima facie, that she was entitled to the return of her down payment pursuant to the express terms of the contract (see Companion v Touchstone, 88 NY2d 1043, 1045 [1996]; Duffy v St. Germain, 21 AD3d 872, 873 [2005]; Long v Legg, 264 AD2d 718, 719 [1999]; Sciales v Foulke, 217 AD2d 693, 694 [1995]; Berholtz v Georgiou, 184 AD2d 677 [1992]; Lunning v 10 Bleecker St. Owners Corp., 160 AD2d 178 [1990]; Flaherty v Elber Constr. Corp., 149 AD2d 655

[1989]). The plaintiff's speculation as to the underlying reasons for the denial of the loan application failed to raise a triable issue of fact in opposition to that prima facie showing (*see Companion v Touchstone,* 88 NY2d at 1045; *Duffy v St. Germain,* 21 AD3d at 873; *Long v Legg,* 264 AD2d at 719; *Berholtz v Georgiou,* 184 AD2d at 678). Accordingly, the Supreme Court correctly determined that the defendant was entitled to summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim for the return of her down payment. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.