■ ROBERT NUZZI et al., Appellants, v MICHAEL P. GALLAGHER et al., Respondents. [874 NYS2d 248]—

In an action, inter alia, for the return of a down payment given pursuant to a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), dated February 25, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs (hereinafter the purchasers) entered into a contract with the defendants Michael P. Gallagher and Valerie Gallagher (hereinafter the sellers) to purchase the sellers' home and made a down payment in the sum of $ $44,250 (hereinafter the deposit). The contract of sale contained a mortgage contingency clause that authorized the purchasers to cancel the contract and obtain a return of their deposit if they were unable to obtain a mortgage commitment within 45 days of the date the fully-executed contract was given to them (hereinafter the commitment date). To cancel the contract pursuant to this provision, the purchasers were required to give the sellers notice within five business days after the commitment date. The purchasers were unable to obtain a mortgage commitment within the mortgage contingency period or before the scheduled closing date under the contract. Moreover, during the mortgage contingency period, the purchasers neither sought an extension thereof nor availed themselves of their right to cancel the contract. Although the purchasers received a letter from the lender declining their application for financing, it was only after the sellers scheduled a new closing date making time of the essence that the purchasers sought to cancel the contract and demanded a return of their deposit. The sellers refused to refund the deposit and this action ensued.

Upon the defendants' prima facie showing of entitlement to

judgment as a matter of law, the purchasers failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the purchasers' contentions, their counsel's unsubstantiated and vague assertion that, during a telephone conference prior to the expiration of the mortgage contingency period, an unnamed attorney granted the purchasers an indefinite adjournment, particularly in light of the documentary evidence to the contrary, was insufficient to raise a triable issue of fact as to any extension of the mortgage contingency period or waiver of the sellers' remedies under the contract (*see Mosdos Oraysa, Inc. v Sausto*, 13 AD3d 838 [2004]; *Arnold v Birnbaum*, 193 AD2d 710, 711 [1993]; *Zahl v Greenfield*, 162 AD2d 449 [1990]; *Cortesi v R & D Constr. Corp.*, 137 AD2d 901 [1988], *affd* 73 NY2d 836 [1988]).

The purchasers' remaining contentions are without merit. Skelos, J.P., Santucci, Balkin and Eng, JJ., concur. [*See* 2008 NY Slip Op 30517(U).]