*839 OPINION OF THE COURT
Lisa S. Ottley, J.
On March 31, 2009, the plaintiffs, appearing pro se, moved for an order granting summary judgment and for a protective order quashing defendant’s notice to take deposition of plaintiffs Heidi Heilig and Scott Hills. The defendant cross-moved for summary judgment. Both parties argued that there is no dispute as to any material fact.
Plaintiffs commenced this action against the defendant seeking to enforce the terms of a contract of sale entered into between the plaintiffs and the defendant for the sale of a cooperative apartment. The dispute arose as a result of the defendant’s inability to purchase the cooperative apartment. The contract was cancelled and the plaintiffs allege that as a result of the defendant’s breach, they have incurred damages in the amount of $25,000.
The defendant, Sharon Maron-Ames, entered into a contract with the plaintiffs to purchase their cooperative apartment. The contract was fully executed on February 23, 2009. In accordance with the contract the defendant paid a $26,500 down payment to her attorneys, Pearlman, Apat & Futterman, LLP, as escrowee. The contract of sale was conditioned upon the defendant obtaining a mortgage commitment. On March 5, 2009, the defendant received a commitment letter from Wells Fargo Bank which was subject to general loan conditions. On March 20, 2009, the defendant was laid off from her place of employment. As a result of her change in employment, on March 27, 2009, Wells Fargo Bank issued a “Notice of Action Taken and Statement of Reasons” letter to defendant informing her that the bank was unable to approve the application as a result of “length of employment and temporary or irregular employment.” Thereafter, the defendant notified the plaintiffs that she was cancelling the contract of sale, and requested a return of her down payment.
Plaintiffs argue that the defendant is not entitled to the return of her down payment as a result of her lack of employment under the terms of the contract. Specifically, paragraphs 18.3.1 and 18.3.7 do not allow cancellation of the contract if her financial condition changes. Paragraph 18.3.1 reads as follows:
“[P]rovided Purchaser has complied with all applicable provisions of 18.2 and this 18.3, Purchaser may cancel this Contract as set forth below, if
*840 “18.3.1.1 any Institutional Lender denies Purchaser application in writing prior to the Loan Commitment Date ... or
“18.3.1.2 a Loan Commitment Letter is not issued by the Institutional Lender on or Before the Loan Commitment Date; or
“18.3.1.3 any requirement of the Loan Commitment Letter other than once concerning Purchaser is not met (e.g. failure of Corporation to execute and deliver the Institutional Lender’s recognition agreement or other document, financial condition of the Corporation, owner occupancy quota, etc.) or “18.3.1.4 (i) the Closing is adjourned by Seller or the Corporation for more than 30 business days from the Scheduled Closing Date and (ii) the Loan Commitment Letter expires on a date more than 30 business days after the Scheduled Closing Date and before the new date set for Closing pursuant to this 1f and (iii) Purchaser is unable in good faith to obtain from the Institutional Lender an extension of the Loan Commitment letter.”
Paragraph 18.3.7 reads:
“Purchaser cannot cancel this Contract pursuant to 18.3.1.4 and cannot obtain a refund of the Contract Deposit if the Institutional Lender fails to fund the loan:
“18.3.7.1 because a requirement of the Loan Commitment Letter concerning Purchase is not met (e.g., Purchaser’s financial condition or employment status suffers an adverse change; purchaser fails to satisfy a condition relating to the sale of an existing residence, etc.).”
Furthermore, plaintiffs argue that there is no justification for the cancellation of the contract, not even pursuant to paragraph 57 of the rider, as argued by defendant because the lack of employment was a willful act by defendant. In addition, plaintiffs argue that the defendant’s lack of employment, whether purposeful or not, is a failure to meet a reasonable requirement of the lender and constitutes a willful act under the contract. Plaintiffs also argue that the defendant’s lack of employment and reason for losing her job is subjective and irrelevant given the definition of “willful acts” under the contract of sale.
In opposition to plaintiffs’ motion for summary judgment and in support of her cross motion for summary judgment, the de *841 fendant argues that paragraphs 18.3.1 and 18.3.7 are not the controlling paragraphs under the terms of the contract. Defendant argues that paragraph 57 of the rider controls the cancellation terms of the contract. Paragraph 57 of the rider states as follows:
“Notwithstanding paragraph 18 of the Contract of Sale, in the event that after issuance of a commitment letter, lender withdraws said commitment letter and refuses to fund the loan for reasons not due to purchaser’s willful acts, (purchaser’s willful acts shall mean, purchaser’s failure to meet any of the requirements reasonably required by lender or failure to cooperate with lender’s reasonable requests or requirements) purchaser shall have the right to cancel the Contract and shall be entitled to the return of the down-payment after notice of the above is given to seller’s attorney. In the event of such withdrawal by the lender, purchaser must notify the seller of the withdrawal and her intent to cancel the Contract within 7 business days.”
Defendant argues that she complied with the terms of the contract by securing a loan commitment letter, and that as a result of her being laid off from her job, the bank refused to approve the loan. Defendant further argues that paragraph 57 eliminates the risk to the purchaser of a mortgage commitment being withdrawn through no fault of the purchaser, with the only exception being the purchaser’s willful act causing the mortgage commitment to be withdrawn.
After giving careful consideration to oral arguments and written submissions on the motion and cross motion, the court finds that a typewritten rider, which is drafted as a supplement to a preprinted contract, controls over any conflicting portions of the preprinted contract. (See Home Fed. Sav. Bank v Sayegh, 250 AD2d 646 [1998].) In the case at bar, there were two riders to the contract of sale. The first rider, as well as the second rider having been fully executed by the parties, states as follows:
“Paragraph 33. Rider to Contract. In the event of any inconsistency between the provisions of the preprinted form of this Contract and this Rider, the provisions of this Rider shall govern and be binding. The term Contract as used in the pre-printed portion is hereby deemed to include the provisions contained in this Rider.”
*842 Paragraph 49 of the second rider states: “In the event of any inconsistency between the provisions of this Second Rider and the provisions of the printed form or the provisions of the First Rider to which it is annexed, the provisions of the Second Rider[ ] shall govern and be binding.”
The defendant has made a prima facie showing of her entitlement to judgment as a matter of law dismissing the complaint, and for summary judgment on her counterclaim for the release of her down payment pursuant to the terms of the contract. (See Hoft v Frenkel, 52 AD3d 779 [2d Dept 2008].) The defendant has demonstrated that the bank’s withdrawal of its loan commitment was not as a result of any willful acts committed by defendant. The plaintiffs’ argument and contention that defendant’s failure to remain employed is a willful act is not persuasive. Defendant has provided this court with sufficient proof to establish that the loss of employment was as a result of the company laying off staff and reducing work hours of employees as a result of the economic crisis. There is no evidence to support a lack of good faith and fair dealing, nor is there evidence to show that defendant did not make reasonable attempts to find employment. In fact, defendant’s attorney argued that defendant did in fact attempt to find other employment and was unsuccessful in doing so. Furthermore, the mere fact that plaintiff, Heidi Heilig, may have found a job quickly after being terminated does not necessarily mean that defendant will or should have the same fortune in finding employment. Therefore, the court finds that, under the circumstances, the defendant has a right to exercise the right to cancel the contract of sale, and the defendant’s down payment should be returned. (See Zemnovich v 2729 Coney Is. Ave., LLC, 24 Misc 3d 1204[A], 2009 NY Slip Op 51267[U] [Sup Ct, Kings County 2009]; Friend v McGarry, 141 Misc 2d 479 [Sup Ct, NY County 1988].)
Accordingly, plaintiffs’ motion for summary judgment is denied in its entirety. Defendant’s cross motion is granted, the complaint dismissed and the escrowee is hereby directed to release the down payment to the purchaser, Sharon Maron-Ames, in the amount of $26,500.
Plaintiffs’ order to show cause which seeks to quash the defendant’s request for deposition is hereby deemed moot.