OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, the motion by defendant Edward J. Kangesier for summary judgment on his counterclaims is granted to the extent of awarding him summary judgment on his second counterclaim and, upon searching the record, defendants are granted summary judgment dismissing the complaint.
Plaintiffs contracted to buy a legal two-family dwelling owned by Edward J. Kangesier (appellant). Although there was no certificate of occupancy for the property at the time the contract was executed, appellant immediately filed for and obtained one after the execution of the contract. The certificate of occupancy indicated that the premises was a two-family dwelling. The contract of sale contained a 45-day mortgage contingency clause. It is undisputed that plaintiffs obtained a mortgage commitment. Plaintiffs allege that they stated in their mortgage loan application that the subject property was a single-family dwelling. They argue that this was a permissible statement because there was no certificate of occupancy for the property, as it predated the requirement that one be issued. They further allege that, once the bank that had agreed to finance their loan learned of the two-family certificate of occupancy, it “informed purchasers that the amount of mortgage financing it was initially prepared to offer Purchasers for the house as a single family house would now be significantly reduced, they would have to invest much more of their own money into the purchase, and their interest rate would change.” Plaintiffs then purported to cancel the contract and commenced this action to receive their $10,000 contract down payment, which was being held in escrow by defendant Richard G. Handler.
Appellant interposed two alternative counterclaims. The first was for the $10,000 contract down payment. The second was for $49,000, representing 10% of the contract price, pursuant to a liquidated damages clause in the contract. The District Court *75 denied appellant’s motion for summary judgment on his counterclaims, finding that triable issues of fact exist.
While the contract included a mortgage contingency clause, it was silent as to what would happen if the mortgage commitment was revoked. In such a case, we “rely on the established principle that ‘[a] mortgage contingency clause is construed to create a condition precedent to the contract of sale’ ” and find that the failure of the condition will provide the purchaser who acted in good faith with the right to cancel (Kapur v Stiefel, 264 AD2d 602, 603 [1999]). “As long as purchasers exert a genuine effort to secure mortgage financing and act in good faith, they are entitled to recover their down payment if the mortgage is not in fact approved” (Sciales v Foulke, 217 AD2d 693, 694 [1995]).
In this case, it is undisputed that plaintiffs obtained a mortgage commitment and that they sought the return of their contract down payment because, according to the complaint, they could not “complete the transaction as they had previously intended and been able.” Plaintiffs have failed to offer any proof, however, that their commitment had been revoked. Furthermore, while plaintiffs have alleged that their bank was going to change the terms of their financing because their mortgage commitment was for a single-family dwelling and the bank subsequently learned that the subject premises was a two-family dwelling, plaintiffs have failed to offer any proof that their mortgage commitment was for a single-family dwelling or that the bank was going to change the terms of the financing. Finally, plaintiffs have failed to demonstrate that they acted in good faith when they identified the subject property as a single-family dwelling on their loan application.
In light of the foregoing, appellant’s motion for summary judgment on his counterclaims is granted to the extent of awarding him summary judgment on his second counterclaim. Appellant is, thus, awarded damages in the principal sum of $49,000 pursuant to the liquidated damages clause of the contract (cf. HSM Real Estate, Inc. v Khan, 71 AD3d 733 [2010]). Upon a search of the record, defendants are granted summary judgment dismissing the complaint.
Nicolai, EJ., LaCava and Iannacci, JJ., concur.