■ NANCY SCHRAMM, Respondent, v MEI CHU SOLOW, Appellant, et al., Defendants. [935 NYS2d 659]—

On November 5, 2007, the plaintiff (hereinafter the buyer) and the defendant Mei Chu Solow (hereinafter the seller) entered into a residential contract for the purchase of real property. Pursuant to the terms of the contract, the buyer deposited a down payment of $30,600 into escrow. The contract contained a mortgage contingency clause that conditioned purchase of the property upon issuance of a "firm" mortgage commitment in the amount of $540,000. On her loan application, the buyer significantly inflated her income. Thereafter, she received two conditional loan commitments for less than the amount stipulated by the mortgage contingency clause. One of those conditional commitments was for $535,000, only $5,000 less than the amount required under the contract. The buyer gave notice of her intention to cancel the contract, and she sought the return of her down payment. The seller refused to refund the down payment and asserted that she was entitled to retain it as liquidated damages.

The buyer commenced this action for the return of the down payment, and the seller asserted a counterclaim to retain it. Following discovery, the seller moved for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim to retain the down payment. The seller argued, among other things, that she was entitled to retain the down payment because the buyer had, in violation of the contract, provided inaccurate financial information on her loan applications. The buyer cross-moved for summary judgment, contending that she had acted in good faith to obtain a mortgage loan, but did not receive a firm loan commitment in the amount stated in the mortgage contingency clause. The buyer further argued that the failure of the transaction was unrelated to any misinformation about her income included in the loan application. The Supreme Court denied the seller's motion, granted the buyer's cross motion, and awarded the buyer the principal sum of $30,600. The seller appeals, and we affirm.

In support of her motion for summary judgment dismissing the complaint insofar as asserted against her and on the counterclaim, the seller failed to establish her prima facie entitlement to judgment as a matter of law. The seller failed to establish, prima facie, that the buyer's inaccurate loan application was the cause of her failure to obtain the required commitment (*see Balkhiyev v Sanders*, 71 AD3d 611, 612 [2010]; *Katz v*

*Simon*, 216 AD2d 270, 271 [1995]). In addition, the seller failed to establish, prima facie, that the buyer had accepted a conditional loan commitment and thereby forfeited her right to cancel the contract. Accordingly, the Supreme Court properly denied the seller's motion for summary judgment.

On the cross motion, the buyer met her burden of establishing her prima facie entitlement to judgment as a matter of law by tendering evidence in admissible form that she attempted to secure a mortgage loan, but was unable to obtain the requisite firm commitment as required by the terms of the mortgage contingency clause of the contract and, thus, was entitled to recover her down payment (*see Astrada v Archer*, 51 AD3d 954, 955 [2008]; *cf. Miranda v Jay Constr. Corp.*, 2 AD3d 420 [2003]; *Antolotti v Verderame*, 175 AD2d 822, 823 [1991]). In opposition, the seller failed to raise a triable issue of fact (*cf. Gorgoglione v Gillenson*, 47 AD3d 472 [2008]). Accordingly, the Supreme Court properly granted the buyer's cross motion for summary judgment.

The seller's remaining contentions either are without merit (*see Nikolis v Reznick*, 214 AD2d 658, 659 [1995]) or are raised for the first time on appeal and, thus, are not properly before this Court (*see Global Connect Strategic Voice of Broadcasting, Corp. v Oxford Collection*, 50 AD3d 737 [2008]). Mastro, A.P.J., Balkin, Chambers and Roman, JJ., concur.