In a consolidated action, inter alia, to recover a down payment given pursuant to a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated July 11, 2011, which denied *806 their motion, in effect, for summary judgment dismissing the cause of action to recover the down payment, and granted the plaintiffs’ cross motion, in effect, for summary judgment on the cause of action to recover the down payment.
Ordered that the order is affirmed, with costs.
Where a contract for the sale of real property contains a mortgage contingency clause, “[a]s long as purchasers exert a genuine effort to secure mortgage financing and act in good faith, they are entitled to recover their down payment if the mortgage is not in fact approved through no fault of their own” (Sciales v Foulke, 217 AD2d 693, 694 [1995]; see Astrada v Archer, 51 AD3d 954, 955 [2008]; Long v Legg, 264 AD2d 718, 719 [1999]).
Here, the plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law on their cause of action for return of their down payment by submitting evidentiary proof demonstrating that they applied to an institutional lender for a mortgage three days before the contract to purchase the defendants’ property was fully executed, that their application was denied through no fault of their own, and that they gave the defendants timely notice that they were exercising their right to cancel the contract pursuant to the mortgage contingency clause (see Schramm v Solow, 91 AD3d 624, 626 [2012]; Bildirici v Smartway Realty, LLC, 89 AD3d 973, 975 [2011]; Hoft v Frenkel, 52 AD3d 779, 780 [2008]; Astrada v Archer, 51 AD3d at 955). Under the circumstances of this case, the plaintiffs’ failure to additionally apply for a no-income-check mortgage, as required by a rider to the subject contract, did not raise an issue of fact as to whether they made a good faith effort to secure mortgage financing. The plaintiffs’ mortgage application was already pending as of the date of the contract, and the plaintiffs’ evidentiary submissions demonstrated that it would have been futile for them to additionally apply for a no-income-check mortgage in view of the lender’s determination that, based on their credit history, they were not eligible for a mortgage of any kind (see Elghanyan v Mundy, 225 AD2d 654, 656 [1996]; Companion v Touchstone, 222 AD2d 1087 [1995], affd 88 NY2d 1043 [1996]; see also Thehaud v Callead, 200 AD2d 565, 566 [1994]). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiffs failed to act in good faith to secure mortgage financing. Accordingly, the Supreme Court properly granted the plaintiffs’ cross motion for summary judgment on their cause of action for return of their down payment.
The Supreme Court also properly denied the defendants’ mo *807 tion for summary judgment dismissing the plaintiffs’ cause of action for return of their down payment. The defendants failed to make a prima facie showing that they were entitled to retain the down payment on the ground that the plaintiffs failed to make a good faith effort to secure mortgage financing (see Schramm v Solow, 91 AD3d at 625-626; Duffy v St. Germain, 21 AD3d 872, 873 [2005]; Companion v Touchstone, 222 AD2d 1087 [1995], affd 88 NY2d 1043 [1996]; Berholtz v Georgiou, 184 AD2d 677, 678 [1992]).
The sellers’ remaining contentions either are without merit or are improperly raised for the first time on appeal and, thus, are not properly before this Court.
Dillon, J.E, Dickerson, Hall and Austin, JJ., concur.