Jian Chen v McKenna (2020 NY Slip Op 01483)





Jian Chen v McKenna


2020 NY Slip Op 01483


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-02178
 (Index No. 708176/16)

[*1]Jian Chen, et al., appellants-respondents, 
v
Patrick McKenna, etc., respondent-appellant.


Robert N. Lerner, Brooklyn, NY, for appellants-respondents.
Salvatore E. Benisatto, P.C., Jericho, NY, for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover a down payment made pursuant to a contract for the sale of real property, the plaintiffs appeal, and the defendant cross-appeals, from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered September 20, 2017. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the complaint and dismissing the defendant's counterclaim. The order, insofar as cross-appealed from, denied the defendant's cross motion for summary judgment dismissing the complaint and on his counterclaim.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On March 11, 2016, the plaintiffs entered into a contract to purchase real property from the defendant for $945,000, and upon the execution of the contract, they tendered a down payment of $94,500. Pursuant to the contract, the plaintiffs were required to promptly and diligently apply to institutional lenders for a mortgage loan in the amount of $470,000. The sale was contingent upon the plaintiffs obtaining a mortgage loan within 60 days of the date of the contract. The plaintiffs provided the defendant with a January 2016 statement for their joint checking account maintained at East West Bank, showing an ending balance of $557,214.88. They also provided a letter dated February 24, 2016, from Dollarwise Mortgage, stating that they qualified for a 30-year mortgage in the amount of $600,000, conditioned upon a "satisfactory appraisal value."
After the plaintiffs were granted two extensions of the time to obtain a mortgage commitment, the plaintiffs' attorney sent the defendant's attorney a copy of a letter in which Cathay
Bank denied a mortgage application of the plaintiff Yong Mao Chen due to insufficient income. The plaintiffs' attorney requested the return of the down payment. In response, the defendant's attorney noted that only one of the plaintiffs had applied for the mortgage loan, and that upon receiving additional information, he would advise the plaintiffs' attorney whether the defendant would declare the plaintiffs to be in default. Subsequently, the plaintiffs' attorney requested additional time to obtain a mortgage commitment. The defendant's attorney informed the plaintiffs' attorney that no further extension of time would be granted, and that the plaintiffs were in default under the terms of the contract.
The plaintiffs commenced this action against the defendant to recover the down payment, as well as compensatory and punitive damages. In his answer, the defendant interposed a counterclaim to recover damages for breach of contract, seeking to retain the down payment as liquidated damages. The plaintiffs moved, inter alia, for summary judgment on the complaint and [*2]dismissing the counterclaim. The defendant cross-moved for summary judgment dismissing the complaint and on his counterclaim. In an order entered September 20, 2017, the Supreme Court denied the motion and the cross motion. The plaintiffs appeal, and the defendant cross-appeals.
"Where a contract for the sale of real property contains a mortgage contingency clause, [a]s long as purchasers exert a genuine effort to secure mortgage financing and act in good faith, they are entitled to recover their down payment if the mortgage is not in fact approved through no fault of their own'" (Ettienne v Hochman, 105 AD3d 805, 806, quoting Sciales v Foulke, 217 AD2d 693, 694; see Schramm v Solow, 91 AD3d 624, 626; Astrada v Archer, 51 AD3d 954, 955). Here, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the complaint and dismissing the counterclaim (see Doony, Inc. v Palmiotto, 170 AD3d 957, 958). Although Yong Mao Chen's affidavit, submitted by the plaintiffs, demonstrated that Yong Mao Chen timely applied for a mortgage loan from Cathay Bank, which denied the application, the plaintiffs failed to eliminate all triable issues of fact as to whether both of them made diligent, good-faith efforts to secure mortgage financing (see Dazzo v Kilcullen, 127 AD3d 1126, 1128; Hsieh v Pravder, 106 AD3d 694, 695). Similarly, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint and on his counterclaim, since he did not eliminate all triable issues of fact as to whether the plaintiffs failed to act in good faith or exert genuine efforts to secure mortgage financing (see Schramm v Solow, 91 AD3d at 626; Balkhiyev v Sanders, 71 AD3d 611, 612).
The plaintiffs' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination denying those branches of the plaintiffs' motion which were for summary judgment on the complaint and dismissing the counterclaim, and denying the defendant's cross motion for summary judgment dismissing the complaint and on his counterclaim.
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court