Berger v Mazzarone (2024 NY Slip Op 05086)

Berger v Mazzarone

2024 NY Slip Op 05086

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-11267
2021-05806
 (Index No. 616162/17)

[*1]Dana J. Berger, appellant, 
v
Jason Mazzarone, respondent, et al., defendants.

Dana J. Berger, Sag Harbor, NY, appellant pro se.
Law Offices of David P. Fallon, PLLC, Sayville, NY, for respondent.
In an action to recover damages for breach of contract and to recover a down payment made pursuant to a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated August 28, 2019, and (2) a judgment of the same court (Carmen Victoria St. George, J.) entered June 25, 2021. The order granted the motion of the defendant Jason Mazzarone for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaims to retain the down payment as liquidated damages and for an award of attorneys' fees and expenses. The judgment, upon the order, and upon a decision of the same court (Carmen Victoria St. George, J.) dated June 1, 2021, dismissed the complaint, in effect, directed the release of the down payment from escrow to the defendant Jason Mazzarone, and is in favor of the defendant Jason Mazzarone and against the plaintiff in the principal sum of $22,962.31, representing an award of attorneys' fees and expenses.

DECISION & ORDER
By order to show cause dated September 15, 2021, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the order on the ground that the right of direct appeal therefrom terminated upon the entry of the judgment in the action. By decision and order on motion of this Court dated November 12, 2021, the motion to dismiss the appeal from the order was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order is granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the motion of the defendant Jason Mazzarone for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaims to retain the down payment as liquidated damages and for an award of [*2]attorneys' fees and expenses is denied, the complaint is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On May 10, 2017, the plaintiff entered into a contract to purchase real property from the defendant Jason Mazzarone and tendered a down payment that was deposited in an escrow account maintained by Mazzarone's attorney. The contract contained a mortgage contingency clause that provided, inter alia, that the plaintiff would make a good faith and diligent application for a mortgage loan and that the contract would be canceled and the down payment returned to the plaintiff in the event that the plaintiff was unable to obtain a commitment for the mortgage loan within 45 days.
On May 11, 2017, the plaintiff applied for a closed-end FHA home equity conversion mortgage for purchase, also known as a reverse mortgage. On June 15, 2017, the proposed lender denied the plaintiff's mortgage application. The stated grounds for denial were "Residual Income Insufficient for Amount of Credit Requested" and "[d]oes not meet product parameters." The plaintiff then demanded the return of the down payment, contending that the denial of her mortgage application was through no fault of her own, but rather due to the property's location in a flood zone and the carrying costs on the property being higher than anticipated. Mazzarone refused the return of the down payment, contending that the plaintiff had breached the contract by applying for a reverse mortgage rather than a traditional mortgage and by making a misrepresentation that she had sufficient income to qualify for a mortgage.
The plaintiff thereafter commenced this action to recover damages for breach of contract and to recover the down payment. Mazzarone asserted counterclaims to retain the down payment as liquidated damages and for an award of attorneys' fees and expenses pursuant to the contract. Mazzarone thereafter moved for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaims. In an order dated August 28, 2019, the Supreme Court granted Mazzarone's motion. In a judgment entered June 25, 2021, the court dismissed the complaint, in effect, directed the release of the down payment from escrow to Mazzarone, and awarded Mazzarone attorneys' fees and expenses in the sum of $22,962.31. The plaintiff appeals from the order and the judgment.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
"A mortgage contingency clause is construed to create a condition precedent to the contract of sale" (Chahalis v Roberta Ebert Irrevocable Trust, 163 AD3d 623, 624 [internal quotation marks omitted]). "Where a contract for the sale of real property contains a mortgage contingency clause, [a]s long as purchasers exert a genuine effort to secure mortgage financing and act in good faith, they are entitled to recover their down payment if the mortgage is not in fact approved through no fault of their own" (Jian Chen v McKenna, 181 AD3d 577, 578 [internal quotation marks omitted]; see Hoft v Frenkel, 52 AD3d 779, 780-781).
Here, in support of his motion, Mazzarone failed to establish his prima facie entitlement to judgment as a matter of law. Mazzarone's submissions failed to establish, prima facie, that the plaintiff failed to act in good faith to secure mortgage financing or that the denial of the plaintiff's mortgage application was attributable to any action on the plaintiff's part (see Jian Chen v McKenna, 181 AD3d at 578; Ettienne v Hochman, 105 AD3d 805, 806; see also Bildirici v Smartway Realty, LLC, 89 AD3d 973, 974-975; Hoft v Frenkel, 52 AD3d at 780-781). Contrary to Mazzarone's contention, he failed to eliminate triable issues of fact as to whether the reverse mortgage product for which the plaintiff applied failed to satisfy the criteria set forth in the contract (cf. Kweku v Thomas, 144 AD3d 1109, 1111; 2 Old, LLC v Mayer, 90 AD3d 911). Mazzarone also failed to establish, prima facie, that the plaintiff's prior bankruptcy from 2010 or her pending lawsuit [*3]in Connecticut caused her failure to obtain the required mortgage loan approval (see Schramm v Solow, 91 AD3d 624, 625).
Accordingly, the Supreme Court should have denied Mazzarone's motion for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaims regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions either are without merit or have been rendered academic in light of our determination.
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court