■ DONALD G. PARTRICK et al., Respondents, v DENNIS E. GUARNIERE, Appellant, et al., Defendants. [612 NYS2d 630] —In an action to recover damages for breach of contract, the defendant Dennis E. Guarniere appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated June 26, 1992, as denied the branch of his motion which was for summary judgment dismissing the complaint and granted the branch of the plaintiffs' cross-motion which was for summary judgment and, (2) as limited by his brief, from so much of a judgment of the same court, dated September 8, 1992, as is in favor of the plaintiff and against the defendants in the principal sum of $125,000 with interest from October 1, 1991.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The appellant is the owner of a parcel of real property

located in Islandia, New York. In 1989, he entered into a contract to sell the land to the plaintiffs. The sale was conditioned upon the plaintiffs being able to change the zoning for the property from residential to commercial. The contract provided, *inter alia,* that the plaintiffs would have a certain amount of time to effect the zoning change "unless such time is extended in writing by the Seller". The contract also provided that if the plaintiffs were unable "to obtain the change of zone * * * within the time as provided herein, then either party shall have the right to cancel * * * this contract".

The plaintiffs were unable to obtain the zoning change in the time provided by the contract. The parties entered into a written agreement in February 1990 extending until March 31, 1991, the plaintiffs' time to obtain the zoning change if the plaintiffs so elected and if they paid a certain sum for the additional time. However, as that date approached, the plaintiffs still had not obtained the zoning change from the Village of Islandia (hereinafter the Village). The plaintiffs then sought another extension from the appellant to obtain the zoning change. After some negotiation, the parties agreed, in writing, to an extension until September 30, 1991. The Village did not reach a decision on the plaintiffs' application by September 30, 1991, and the plaintiffs did not communicate any further requests to the appellant for additional time within which to obtain the zoning change. However, on September 23, 1991, the appellant's attorney wrote a letter to the plaintiffs' attorney in which the appellant unilaterally extended the plaintiffs' time to obtain the zoning change until December 16, 1991. The plaintiffs responded that they had not sought a further extension and that, instead, they wished to exercise their right to cancel the contract and obtain a refund of their down payment. The appellant refused and this action ensued.

An examination of the parties' contract reveals that the parties intended to afford each other the right to cancel the agreement if the zoning change could not be effected within the time allowed. The clear and unambiguous language of the cancellation clause is unrestricted, and, by its terms, the right to cancel the contract could be exercised after the time to obtain the change had expired and before the Village had rendered its decision on the plaintiff's application. Nevertheless, the appellant contends that the extension clause allowed him the unilateral right to extend the time within which the plaintiffs could obtain the zoning change.

If the appellant's interpretation of the extension clause

were given effect, it would mean that, although the contract permitted a reciprocal right of cancellation prior to the Village's rendering its decision, the appellant could effectively negate the plaintiffs' invocation of that right by continually extending the plaintiffs' time to obtain the zoning change until the Village rendered its decision. As noted by the Supreme Court such a result is untenable because a court will not construe a contract "as prohibiting in one subdivision that which it expressly sanctions in another" *(Premium Point Park Assn. v Polar Bar,* 306 NY 507, 511; *see also, Two Guys from Harrison-N.Y. v S.F.R. Realty Assocs.,* 63 NY2d 396, 405; *Weiss v Weiss,* 52 NY2d 170). In construing contract language, "the proper aim of the court is to arrive at a construction which will give fair meaning to *all* of the language employed by the parties, and to reach a 'practical interpretation of the expressions of the parties to the end that there [is] a "realization of [their] reasonable expectations" ' " *(Tantleff v Trucelli,* 110 AD2d 240, 244-245, *affd* 69 NY2d 769, quoting *Brown Bros. Elec. Contrs. v Beam Constr. Corp.,* 41 NY2d 397, 400, quoting 1 Corbin, Contracts § 1 [emphasis in original]). Moreover, we note that, although the parties' contract did not specifically state that the plaintiffs must request or consent to any extensions of time, it is clear from the record that the parties conducted their dealings with such an understanding.

Accordingly, having failed to obtain the zoning change before the expiration of the September 30, 1991, deadline, the plaintiffs were contractually entitled to cancel the contract. The appellant's subsequent failure to return the plaintiffs' down payment, in accordance with the terms of the contract, constituted a breach of contract for which the Supreme Court properly awarded the plaintiffs summary judgment.

The Supreme Court also correctly awarded the plaintiffs interest on their down payment from October 1, 1991, i.e., "the earliest ascertainable date the cause of action existed" (CPLR 5001 [b]; *see also, Ansonia Realty Co. v Ansonia Assocs.,* 142 AD2d 514). Copertino, J. P., Santucci, Friedmann and Goldstein, JJ., concur.