■ VASILIOS NIKOLIS, Respondent, v BRUCE REZNICK et al., Appellants, et al., Defendants. [625 NYS2d 580] —In an action, *inter alia,* for specific performance of a contract to convey real property, the defendant Bruce Reznick, as Executor of the Estate of Max Reznick and Administrator of the Estate of Elsie Reznick, appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Cusick, J.), entered November 18, 1983, as awarded interest in the sum of $15,399 upon the principal sum of $18,500.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The weight of the evidence establishes that on June 14, 1983, after having implicitly, and falsely, represented themselves to be the owners of the property known as 421 Jefferson Avenue, in Staten Island, Max Reznick and Elsie Reznick signed a contract to convey that property to Vasilios Nikolis and Kaliroe Nikolis. The evidence also establishes that Mr. Reznick accepted $18,500 from Mr. Nikolis as a down payment, and deposited it in his personal money market account. After unsuccessfully seeking to complete the contract, Mr. and Mrs. Nikolis commenced the present action for specific performance and damages. In the judgment appealed from, the court awarded the plaintiffs the principal sum of $18,500, which represents their original down payment, plus interest in the sum of $15,399, calculated from August 15, 1984, the last scheduled closing date. The sole issue on the present appeal concerns the propriety of the award of interest.

Under the circumstances of this case, we see no error in the court's award of pre-decision interest (see, CPLR 5001 [a], [b]). The plaintiffs were at the very least entitled to a return of their down payment, without the need to make a formal demand, in accordance with paragraph 20 of the parties' contract. That paragraph is silent as to the calculation of interest. The terms of CPLR 5001 (b) authorize the court to direct that interest be calculated at least from when the appellants' time to perform their part of the parties' bargain, which had been extended to August 15, 1984, finally expired (see, e.g., Partrick v Guarniere, 204 AD2d 702; Ansonia Realty Co. v Ansonia Assocs., 142 AD2d 514).

We have examined the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Pizzuto, Hart and Krausman, JJ., concur.