■ DELORES DIXON, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent. [637 NYS2d 479] —In a negligence action to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated November 18, 1994, which granted the defendant's motion for partial summary judgment dismissing the plaintiff's cause of action for wrongful death as time-barred.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a de novo determination of the defendant's motion following a hearing in accordance herewith.

On December 2, 1990, plaintiff's decedent was allegedly

struck by a car in a "hit and run" accident, and she died as a result of her injuries. Because the driver of the car that struck the decedent was never located, and neither the decedent nor anyone with whom she lived had automobile insurance, the plaintiff, by petition dated December 2, 1992, moved pursuant to Insurance Law § 5218 for leave to commence the present action against the defendant Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). The application, which was unopposed by MVAIC, was granted.

After the plaintiff served MVAIC with the summons and complaint in the present action, MVAIC moved for partial summary judgment dismissing her wrongful death cause of action as untimely. MVAIC claimed, *inter alia,* that the action was untimely because the plaintiff had not served it with the application for leave to commence the action until after the two-year Statute of Limitations *(see,* EPTL 5-4.1) had expired. MVAIC noted that there was no affidavit of mailing attached to the plaintiff's application and that the only affidavit of service on record in the court file was an affidavit of personal service reflecting that MVAIC was served on December 11, 1992.

In opposition, the plaintiff's counsel, *inter alia,* submitted an affirmation in which he explained the customary business practices of the attorneys who had served the application for leave to commence the action on MVAIC and affirmed that, based upon his review of the office records, he had personally mailed the application to MVAIC on December 2, 1992. The Supreme Court granted MVAIC's motion for partial summary judgment and dismissed the plaintiff's wrongful death cause of action.

The Supreme Court improperly granted MVAIC's motion and dismissed the plaintiff's wrongful death cause of action as untimely. It is not disputed that the two-year Statute of Limitations applicable to the underlying wrongful death cause of action could have been tolled by the plaintiff serving the application for leave to commence an action against MVAIC by regular mail *(Matter of Hickman,* 75 NY2d 975). Moreover, it is well settled that service by mail is complete upon deposit of such papers in the mail *(Engel v Lichterman,* 62 NY2d 943, 944; *Colucci v Zeolla,* 138 AD2d 286). Although "[a] properly executed affidavit of service raises a presumption that a proper mailing occurred" *(Engel v Lichterman, supra,* at 944), nothing in the CPLR indicates that this is the only method of establishing service by mail. Rather, the affirmation by the plaintiff's counsel explaining the business practices of his former law firm and affirming that he had mailed the application for leave to commence the present action on December 2, 1992, before

the applicable Statute of Limitations expired, was sufficient to raise a triable issue of fact as to whether such an application was mailed in accordance with regular office procedure *(see, Matter of T.E.A. Mar. Automotive Corp. v Scaduto,* 181 AD2d 776, 779). Therefore, the matter must be remitted to the Supreme Court for a hearing and a finding of fact as to whether the only service made by the plaintiff was by personal service after the Statute of Limitations had expired. Bracken, J. P., Miller, Joy and Hart, JJ., concur.