■ DOLORES GALASSO, Appellant, v PETER FERRARO, Respondent. [720 NYS2d 518] —In an action to recover a down payment on a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated December 17, 1999, which denied her motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment in favor of the plaintiff.

The plaintiff commenced this action to recover a down payment she made to the defendant on a contract for the sale of real property. When the plaintiff could not obtain financing she cancelled the contract. The defendant, asserting that the plaintiff breached the mortgage contingency clause of the contract, retained the down payment as liquidated damages. After issue was joined, the plaintiff moved and the defendant cross-moved for summary judgment. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. We reverse.

Based on a practical interpretation of the language employed in the contract, and giving effect to the reasonable expectations of the parties, the loan application filed by the plaintiff satisfied her contractual duty to make a "prompt and diligent" application for a mortgage commitment in "good faith" based on a stated "family" income (see, Slamow v Del Col, 174 AD2d 725; Ting v Dean, 156 AD2d 358). Accordingly, when financing was denied based on the bank's conclusion that the value of the property was insufficient for the loan amount requested, the plaintiff properly exercised her right to cancel the contract and demand the return of her down payment. Under the circumstances, the plaintiff's motion for summary judgment should have been granted. Ritter, J. P., S. Miller, Luciano and Smith, JJ., concur.