■ DEGREE SECURITY SYSTEMS, INC., Appellant, v F.A.B. LAND CORP., Respondent. [794 NYS2d 62]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated December 5, 2003, which granted the defendant's motion, in effect, for summary judgment dismissing the complaint, determined that the contract was properly cancelled, and directed the County Clerk to discharge all notices of pendency encumbering the premises.

Ordered that the order is affirmed, with costs.

On May 20, 2003, the plaintiff, as purchaser, and the defendant, as seller, entered into a contract for the sale of certain real property. Paragraph 27 of the contract was a mortgage contingency clause providing that the contract was "subject to and conditioned upon" the plaintiff purchaser "obtaining a firm mortgage commitment for a conventional mortgage of $1,010,000.00 . . . within thirty (30) days from the date of this contract." Paragraph 27 of the contract further provided that in the event such mortgage was not obtained "then either party may cancel this contract and the down payment shall be returned."

It is undisputed that the plaintiff did not obtain a mortgage commitment by the expiration of the 30-day period. On or about June 23, 2003, the defendant seller returned the plaintiff's down payment and informed the plaintiff in writing that it was cancelling the contract because of the plaintiff's failure to obtain a mortgage commitment. The plaintiff then attempted to return the down payment and advised the defendant that it would purchase the property on an "all cash" basis with no mortgage contingency. The defendant refused to accept the down payment and continued to consider the contract terminated. This action for specific performance ensued.

Contrary to the plaintiff's contention, the mortgage contingency clause was a condition precedent inuring to the benefit of both parties, and therefore could not be waived unilaterally by the plaintiff (*see Dale Mtge. Bankers Corp. v 877 Stewart Ave. Assoc.,* 133 AD2d 65, 67 [1987]). The defendant timely exercised its right to return the down payment and cancel the contract upon the plaintiff's failure to obtain a mortgage commitment within the 30-day period. Therefore, the Supreme Court properly granted the motion, in effect, for summary judgment, and determined that the contract was cancelled (*see Dann v King Assoc.,* 303 AD2d 539, 540 [2003]; *Dale Mtge. Bankers Corp. v 877 Stewart Ave. Assoc., supra*).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Krausman, Caran and Fisher, JJ., concur.