BRIAN K. KARL, Appellant, v LEONARD KESSLER et al., Respondents. [850 NYS2d 164]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated August 23, 2006, as granted the motion of the defendants Leonard Kessler and Maureen Kessler for summary judgment dismissing the complaint and denied that branch of the plaintiff's cross motion which was for summary judgment in his favor.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Leonard Kessler and Maureen Kessler contracted to sell a parcel of real estate to the plaintiff. Prior to closing, a notice of pendency was filed against the property in connection with a specific performance action brought by prospective vendees on a previous contract which had failed due to the vendees' inability to obtain financing. The plaintiff refused to waive the defect in title, and the defendants failed to cure the defect by the first date scheduled for closing. The defendants elected, under the terms of their contract, to adjourn the closing for 60 days to cure the defect rather than cancel the contract. When the pending lawsuit was not resolved by the adjourned date, the defendants invoked a provision of the contract allow-

ing them to return the plaintiff's down payment and cancel the contract. The plaintiff then commenced the present action for specific performance of the contract.

While parties to a contract for the sale of real property may agree that, in the event of an inability to convey good title, the seller may refund the buyer's down payment and terminate the contract without incurring further liability, such a limitation contemplates the existence of a situation beyond the parties' control and implicitly requires the seller to act in good faith (see Sevilla v Valiotis, 29 AD3d 775, 776 [2006]; Emptage & Assoc., Inc. v Cape Hampton, LLC, 19 AD3d 536, 537 [2005]; 9 Bros. Bldg. Supply Corp. v Buonamicia, 299 AD2d 529, 530 [2002]). A seller has not acted in good faith if he neglects or refuses to make "[a] reasonable expenditure of money and effort to remedy defects in title" (id.), or if the title defect was "self-created" by the seller (see Naso v Haque, 289 AD2d 309, 310 [2001]).

The defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence that they made good faith efforts to cure the defect in title by immediately extending an appropriate offer to settle the pending litigation, and when settlement efforts failed, by diligently defending that action and conducting discovery. Contrary to the plaintiff's claims, the defendants' decision not to file a motion to dismiss the complaint in that action was not an indication of bad faith, but rather an appropriate litigation strategy aimed at resolving the dispute under the circumstances presented. Accordingly, as there are no triable issues of fact, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and properly denied that branch of the plaintiff's cross motion which was for summary judgment in his favor. Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.