■ ABRAHAM GOLD, Respondent, v FIRST STOP TIRE SHOP, INC., Appellant, et al., Defendant. [855 NYS2d 640]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant First Stop Tire Shop, Inc., appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated September 22, 2006, which granted that branch of the plaintiff's motion which was, inter alia, for summary judgment directing specific performance of the contract, and, in effect, denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, that branch of the plaintiff's motion which was, inter alia, for summary judgment directing specific performance of the contract is denied, and the appellant's cross motion for summary judgment dismissing the complaint insofar as asserted against it is granted.

On its cross motion, the appellant demonstrated its prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against it (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), by establishing that its cancellation of the contract for the sale of the subject properties pursuant to a particular contractual provision was valid (*see Ambalu v Rosenthal,* 29 AD3d 499, 500 [2006]; *Nesdale v Banister,* 18 AD3d 841 [2005]). Specifically, the appellant established that after the plaintiff was unable to timely procure a mortgage loan for his purchase of the subject properties, the appellant properly exercised its right to cancel the contract pursuant to a mortgage contingency clause inuring to the benefit of both the plaintiff and the appellant (*see Degree Sec. Sys., Inc. v F.A.B. Land Corp.,* 17 AD3d 402, 402-403 [2005]; *Ferlita v Guarneri,* 136 AD2d 680, 681 [1988]; *Dale Mtge. Bankers Corp.*

*v 877 Stewart Ave. Assoc.*, 133 AD2d 65, 66-67 [1987]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the appellant's cross motion and denied that branch of the plaintiff's motion which was, inter alia, for summary judgment directing specific performance of the contract (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.