■ FAITH ASTRADA, Respondent, v HULBERT ARCHER, Defendant, and REGINA FELTON, Appellant. [858 NYS2d 796]—

In an action, inter alia, to recover damages for breach of a contract for the sale of real property, the defendant Regina Felton appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Kings County (Schack, J.), dated December 21, 2006, as granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging breach of contract and directed her to return the plaintiff's down payment and pay statutory interest to the plaintiff within 10 days after the notice of entry of the order was served upon her, and (2) so much of an order of the same court dated February 14, 2007, as, upon her failure to comply with the order dated December 21, 2006, sua sponte, directed

her to return the plaintiff's down payment and pay statutory interest to the plaintiff within 14 days after the notice of entry of the order was served upon her or face a finding of civil contempt.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated February 14, 2007, as, sua sponte, directed the defendant Regina Felton to return the plaintiff's down payment and pay the plaintiff statutory interest within 14 days after the notice of entry of the order was served upon her or face a finding of civil contempt is treated as an application for leave to appeal, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the breach of contract cause of action and properly directed the defendant Regina Felton (hereinafter the defendant), to return the plaintiff's down payment. Where, as here, a contract for the sale of real property contains a mortgage contingency clause, "[a]s long as purchasers exert a genuine effort to secure mortgage financing and act in good faith, they are entitled to recover their down payment if the mortgage is not in fact approved through no fault of their own" (*Sciales v Foulke,* 217 AD2d 693, 694 [1995]; *see Garber v Giordano,* 16 AD3d 454, 455 [2005]). The plaintiff made a prima facie showing that, despite her good-faith efforts and through no fault of her own, she was unable to obtain a "firm" mortgage commitment in accordance with the mortgage contingency clause (*Miranda v Jay Constr. Corp.,* 2 AD3d 420 [2003]). In opposition, the defendant failed to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The Supreme Court properly awarded the plaintiff statutory interest on her down payment (*see* CPLR 5001 [a]; *Nikolis v Reznick,* 214 AD2d 658, 659 [1995]; *Partrick v Guarniere,* 204 AD2d 702, 704 [1994]). Under the circumstances of this case, the defendant's contention that she could not be held liable for payment of such interest is without merit.

The defendant's remaining contentions are based on matter dehors the record and not properly before us. Santucci, J.P., Covello, Belen and Chambers, JJ., concur. [*See* 14 Misc 3d 1206(A), 2006 NY Slip Op 52432(U).]