■ JIAN ZHENG et al., Appellants, v ANGEL R. EVANS et al., Respondents. [881 NYS2d 461]—

In an action to recover damages for breach of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Sampson, J.), dated July 29, 2008, which granted the defendants' motion for summary judgment dismissing the complaint and for leave to enter a default judgment on the counterclaim for the return of a down payment upon their failure to serve a reply to the counterclaim, and denied their cross motion to vacate their default and for leave to serve a reply.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. The defendants established, prima facie, that their cancellation of the contract for the sale of the subject real property pursuant to a particular contractual provision was valid (*see Gold v First Stop Tire Shop, Inc.*, 50 AD3d 738 [2008]; *Degree Sec. Sys., Inc. v F.A.B. Land Corp.*, 17 AD3d 402 [2005]). Specifically, the defendants established that they made diligent, good-faith efforts in their attempt to secure a mortgage for their purchase of the subject property. They demonstrated that, in accordance with the contract of sale, they promptly submitted a mortgage application to an institutional lender, via a

mortgage broker, and that their mortgage application was denied. They subsequently gave timely notice to the plaintiffs of their failure to procure a mortgage and that they were exercising their right to cancel the contract pursuant to a mortgage contingency clause inuring to the benefit of both the plaintiffs and the defendants (see Gold v First Stop Tire Shop, Inc., 50 AD3d at 738).

In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs produced only an attorney's affirmation offering speculation, unsupported by any evidence, that the defendants acted in bad faith and failed to abide by the terms of the contract of sale (see Cordova v Vinueza, 20 AD3d 445 [2005]). Moreover, the plaintiffs' contention that the granting of summary judgment was premature is without merit. The plaintiffs failed to "show more than a mere hope that [they] might be able to uncover some evidence during the discovery process" (Companion Life Ins. Co. of N.Y. v All State Abstract Corp., 35 AD3d 519, 521 [2006]), nor did they show that their "ignorance was unavoidable and that reasonable attempts were made to discover the facts which would give rise to a triable issue of fact" (id.).

The Supreme Court also properly granted that branch of the defendants' motion which was for leave to enter a default judgment on their counterclaim for the return of their down payment upon the plaintiffs' failure to serve a reply to the counterclaim. The defendants submitted proof of service of their verified answer and counterclaim, proof of the facts constituting the counterclaim, and an affirmation from their attorney regarding the plaintiffs' default in serving a reply (see CPLR 3215 [f]). In opposition, the plaintiffs failed to demonstrate that they served a reply on the defendants. Although they annexed a reply to their attorney's affirmation, it was not signed and they did not provide sufficient evidence of service (see CPLR 306 [a], [d]; Celleri v Pabon, 299 AD2d 385, 385-386 [2002]; cf. Dixon v Motor Veh. Acc. Indem. Corp., 224 AD2d 382, 383-384 [1996]). Moreover, the plaintiffs did not provide a reasonable excuse for their failure to timely serve a reply, and a potentially meritorious defense (see ACME ANC Corp. v Read, 55 AD3d 854, 855 [2008]; Twersky v Kasaks, 24 AD3d 657, 658 [2005]; cf. MMG Design, Inc. v Melnick, 35 AD3d 823 [2006]). Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur.