■ ANDREW BUXTON et al., Respondents, v BARBARA STREANY et al., Appellants. [892 NYS2d 165]—

In support of their motion for summary judgment on the complaint, the plaintiffs, as the purchasers of real property pursuant to a contract of sale, made a prima facie showing that their cancellation of the contract of sale was proper (*see Garber v Giordano*, 16 AD3d 454, 455 [2005]; *Sciales v Foulke*, 217 AD2d 693, 694 [1995]) by submitting proof of their diligent, timely, and good faith efforts to secure a mortgage pursuant to the terms of the contract of sale. They established that neither of the appraisals they obtained was as high as the contract price. After HSBC Bank USA, N.A., declined to lend the plaintiffs the sum of $429,000—the amount provided in the mortgage contingency clause contained in the printed portion of the contract—they gave timely notice to the defendants, as sellers, that they failed to procure a mortgage loan and that they were exercising their option to cancel the contract of sale (*see Jian Zheng v Evans*, 63 AD3d 791 [2009]; *Gold v First Stop Tire Shop, Inc.*, 50 AD3d 738 [2008]).

In opposition, the defendants failed to show that the inclusion of two mortgage contingency clauses, one in the rider to the contract of sale and the other in the printed portion of the contract of sale, constituted an ambiguity. The failure of the parties to insert the required principal amount of the mortgage loan in the mortgage contingency clause contained in the rider does not evince the parties' intention to remove the contingency from the contract.

Moreover, the fact that the plaintiffs may have had multiple motives in cancelling the contract does not defeat their entitlement to judgment as a matter of law since, despite their good faith efforts, they were unable to secure a mortgage loan in the amount set forth in the mortgage contingency clause contained in the printed portion of the contract (*cf. Peek v Scialdone*, 56 AD3d 743, 744 [2008]).

Since the defendants failed to raise a triable issue of fact in opposition, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the complaint and, thus, also properly denied the defendants' cross motion for summary judgment dismissing the complaint.

The defendant Gary M. Reing, the real estate attorney for the sellers who served as the escrow agent, is not entitled to any relief against the plaintiffs since he did not interpose a counterclaim in the answer filed on behalf of all of the defendants. Accordingly, the Supreme Court properly denied that branch of the defendants' cross motion which was to compel payment of damages to Reing.

The defendants' remaining contention is without merit. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.