■ YUSUF BILDIRICI, Appellant-Respondent, v SMARTWAY REALTY, LLC, Respondent-Appellant. [933 NYS2d 350]—

On November 28, 2007, the plaintiff entered into a contract to purchase a building in Brooklyn from the defendant. Pursuant to a mortgage contingency clause, the plaintiff had the right to cancel the contract in the event that he was unable to secure "a conventional first mortgage loan covering the premises in the amount of $1,700,000" within 45 days. The contract additionally required the plaintiff to make "diligent effort to procure such a mortgage loan commitment." The plaintiff submitted a mortgage application to an institutional lender via a mortgage broker, but the lender declined the plaintiff's application for a $1,700,000 mortgage loan, and instead offered a

mortgage loan in the sum of only $1,250,000. By letter dated December 19, 2007, the plaintiff notified the defendant that he was exercising his option to cancel the contract because he had been unable to obtain a mortgage commitment in the sum of $1,700,000, and requested return of the $140,000 down payment he had made under the contract. The defendant refused to return the down payment, claiming that the plaintiff had breached the contract by failing to make a diligent effort to secure financing. The plaintiff subsequently commenced this action seeking, inter alia, to recover the $140,000 down payment. After depositions had been conducted, the plaintiff moved, among other things, for summary judgment on the cause of action for return of the down payment with interest from December 19, 2007, and the Supreme Court granted the motion only to the extent of directing the defendant to return the sum of $115,000. We reverse the order insofar as appealed from.

The plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on his cause of action for the return of the down payment. The plaintiff's evidentiary submissions, which included the deposition testimony of his mortgage broker, demonstrated that the plaintiff made a diligent, good-faith effort to secure a $1,700,000 mortgage, and that his application was denied because the net income generated by the property was insufficient to support a loan in the requested amount. The plaintiff's submissions further demonstrated that he gave the defendant timely notice that he was exercising his right to cancel the contract pursuant to the mortgage contingency clause. This evidence established, prima facie, that the plaintiff was entitled to the return of his down payment in accordance with the terms of the contract (*see Buxton v Streany*, 68 AD3d 1036, 1037 [2009]; *Jian Zheng v Evans*, 63 AD3d 791, 792 [2009]; *Hoft v Frenkel*, 52 AD3d 779, 780 [2008]; *Astrada v Archer*, 51 AD3d 954, 955 [2008]; *1951 Bedford Hills Corp. v Hardie*, 34 AD3d 658, 659 [2006]; *Galasso v Ferraro*, 280 AD2d 450 [2001]). In opposition, the affirmation of the defendant's attorney wherein it was argued, without evidentiary support, that the plaintiff had failed to make a diligent effort to secure a $1,700,000 mortgage, was insufficient to raise an issue of fact (*see Jian Zheng v Evans*, 63 AD3d at 792; *Hoft v Frenkel*, 52 AD3d at 781). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for the return of his entire down payment in the sum of $140,000. Further, the plaintiff is entitled to statutory interest on his down payment from December 19, 2007, when he notified the defendant of his cancellation of the contract, since this is "the earliest ascertain-

able date the cause of action existed" (CPLR 5001 [b]; *see Astrada v Archer*, 51 AD3d at 955; *Partrick v Guarniere*, 204 AD2d 702, 704 [1994]). Rivera, J.P., Dickerson, Eng and Roman, JJ., concur.