■ SJSJ Southold Realty, LLC, Appellant, v Elizabeth Fraser, as Executrix of Mary Adamowicz, Deceased, et al., Respondents. [54 NYS3d 118]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated July 30, 2015, which denied its motion for summary judgment on the amended complaint and granted the defendants' cross motion for summary judgment dismissing the amended complaint, and (2) a judgment of the same court entered October 2, 2015, which, upon the order, is in favor of the defendants and against it, in effect, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated upon the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In March 2004, the plaintiff entered into a contract to purchase a parcel of real property from the estate of Mary Adamowicz, deceased, and Michael Adamowicz (hereinafter together the seller), as tenants in common. The contract permitted the seller to return the plaintiff's down payment and cancel the contract in the event "the reasonably estimated aggregate cost to remove or comply with any violations or liens which Seller is required to remove or comply with . . . shall exceed the Maximum Amount specified in Schedule D [$23,500]." The estate's 50% ownership interest in the parcel was subject to a lien imposed by the Internal Revenue Service (hereinafter the IRS) for estate taxes in the initial amount of approximately $6,000,000. The title company listed the lien as an exception to coverage, which the plaintiff demanded the seller remove. After the estate failed to obtain a release of the lien, on August 12, 2004, the seller advised the plaintiff that it could not deliver insurable title and, therefore, it was canceling the contract and returning the plaintiff's down payment.

In November 2004, the plaintiff commenced this action against Elizabeth Fraser, as Executor of the Estate of Mary Adamowicz, and Michael Adamowicz, inter alia, for specific performance of the contract. The caption was subsequently amended to substitute Deborah Adamowicz, as Preliminary Executor of the Estate of Michael Adamowicz, as a defendant. In the order appealed from, the Supreme Court denied the plaintiff's motion for summary judgment on the amended complaint, and granted the defendants' cross motion for summary judgment dismissing the amended complaint. Thereafter, the court entered a judgment in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.

Where, as here, a contract for the sale of real property provides that in the event the seller is unable to convey title in accordance with the terms of the contract, the seller may refund the buyer's down payment and cancel the contract without incurring further liability, that "limitation contemplates the existence of a situation beyond the parties' control and implicitly requires the seller to act in good faith" (Karl v Kessler, 47 AD3d 681, 682 [2008]; see Naso v Haque, 289 AD2d 309, 309-310 [2001]; Mokar Props. Corp. v Hall, 6 AD2d 536,

539 [1958]). Here, in support of their cross motion, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they validly cancelled the contract pursuant to its terms after making good faith efforts to resolve the lien (see Gold v First Stop Tire Shop, Inc., 50 AD3d 738, 738 [2008]; Karl v Kessler, 47 AD3d at 682; Eckel v Francis, 5 AD3d 719, 721-722 [2004]; cf. 9 Bros. Bldg. Supply Corp. v Buonamicia, 299 AD2d 529, 530 [2002]). Thus, the defendants demonstrated, prima facie, that the plaintiff was not entitled to specific performance (see Gold v First Stop Tire Shop, Inc., 50 AD3d at 738; Finkelman v Wood, 203 AD2d 236, 237 [1994]). In opposition, the plaintiff failed to raise a triable issue of fact (see 101123 LLC v Solis Realty LLC, 23 AD3d 107, 111-113 [2005]; cf. S.E.S. Importers v Pappalardo, 53 NY2d 455 [1981]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the amended complaint, and, for the same reason, properly granted the defendants' cross motion for summary judgment dismissing the amended complaint. Chambers, J.P., Austin, Roman and Barros, JJ., concur.