Matter of Valderrama (2020 NY Slip Op 03236)





Matter of Valderrama


2020 NY Slip Op 03236


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-09320

[*1]In the Matter of Antonio Valderrama, etc., deceased. Shlomo Beilis, et al., appellants, et al., plaintiff, Olga Valderrama, etc., respondent, et al., defendants. (File No. 2283/09)


Beilis & Pols, LLP, Brooklyn, NY (Donald Jay Pols of counsel), for appellants.
James P. Demetriou, Mineola, NY (Christopher Ryan Clarke of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property and to recover damages for breach of contract, which was transferred from the Supreme Court, Kings County, to the Surrogate's Court, Kings County, the intervenor plaintiffs, Shlomo Belis and Edmund Nahum, appeal from an order of the Surrogate's Court, Kings County (John G. Ingram, A.S.), dated July 13, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Olga Valderrama which was pursuant to CPLR 3211(a) to dismiss their complaint, and denied, as academic, their motion, made jointly with the plaintiff Lawrence E. Feigen, inter alia, to strike the answer of the defendant 20 One Street Kings Corp.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Olga Valderrama which was pursuant to CPLR 3211(a) to dismiss the intervenor plaintiffs' complaint is denied, and the matter is remitted to the Surrogate's Court, Kings County, for a new determination of the motion of the intervenor plaintiffs, made jointly with the plaintiff Lawrence E. Feigen, inter alia, to strike the answer of the defendant 20 One Street Kings Corp.
Lawrence E. Feigen (hereinafter the buyer) commenced this action in the Supreme Court, Kings County, to recover damages and for specific performance of a contract for the sale of certain real property owned by the defendant Olga Valderrama (hereinafter the seller) and the estate of Antonio Valderrama. The intervenor plaintiffs, Shlomo Belis and Edmund Nahum (hereinafter together the appellants), joined the action by intervenor complaint dated December 15, 2015. The Supreme Court thereafter transferred the action to the Surrogate's Court, Kings County.
The appellants alleged that they formed a partnership with the buyer, who, on behalf of the partnership, entered into a contract of sale to purchase the subject property from the seller. The seller represented in the contract of sale that she was the sole owner of the property and promised to supply good and marketable title. In the event she could not supply good and marketable title for any reason except "wilful default," the seller could rescind the contract of sale so long as the buyer refused to accept the defective title. According to the intervenor complaint, the [*2]buyer and the appellants discovered that the seller only owned a 50% interest in the property. They informed the seller's attorney, who thereafter became unresponsive. The appellants further alleged that when the closing did not occur as scheduled, the seller and the decedent's distributees found a higher bidder for the property. The seller then allegedly conveyed her interest in the property to the defendant 20 One Street Kings Corp. The appellants seek, inter alia, specific performance of the contract and to recover damages for breach of contract.
The seller moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and the intervenor complaint, and the appellants and the buyer moved, inter alia, to strike the answer of the defendant 20 One Street Kings Corp. In the order appealed from, dated July 13, 2017, the Surrogate's Court, among other things, granted the motion to dismiss, and denied the motion to strike as academic.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1040, 1040-1041; see Leon v Martinez, 84 NY2d 83, 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). Additionally, in considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(1), "the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Leon v Martinez, 84 NY2d at 88).
"Where, as here, a contract for the sale of real property provides that in the event the seller is unable to convey title in accordance with the terms of the contract, the seller may refund the buyer's down payment and cancel the contract without incurring further liability, that limitation contemplates the existence of a situation beyond the parties' control and implicitly requires the seller to act in good faith'" (SJSJ Southold Realty, LLC v Fraser, 150 AD3d 920, 921, quoting Karl v Kessler, 47 AD3d 681, 682). Contrary to the Surrogate's Court's determination, the intervenor complaint set forth cognizable causes of action sounding in breach of contract, fraud, and unjust enrichment, among other things, upon allegations that the seller wilfully failed to supply good and marketable title and rescinded the contract of sale even though the buyer and the appellants did not reject the defective title (see Mokar Props. Corp. v Hall, 6 AD2d 536, 539). The seller was therefore not entitled to dismissal of the intervenor complaint pursuant to CPLR 3211(a)(7). Further, the limited documents submitted did not utterly refute the allegations of the intervenor complaint. Therefore, the seller was not entitled to dismissal of the intervenor complaint pursuant to CPLR 3211(a)(1).
Accordingly, the Surrogate's Court should have denied that branch of the seller's motion which was to dismiss the intervenor complaint. We remit the matter to the Surrogate's Court, Kings County, for a new determination of the motion, inter alia, to strike the answer of the defendant 20 One Street Kings Corp.
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court