Meier v 451 W. Owners Ltd. (2025 NY Slip Op 51449(U))

[*1]

Meier v 451 W. Owners Ltd.

2025 NY Slip Op 51449(U)

Decided on September 10, 2025

Civil Court Of The City Of New York, New York County

Ortiz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 10, 2025
Civil Court of the City of New York, New York County

Marco Werner Meier AND MYKA MEIER, Petitioners, Tenants.

against
451 West Owners Ltd., CAROLE FERRARA ASSOCIATES INC. A/K/A CFA INC 
 AND CAROLE FERRA MANAGEMENT INC. AND CAROLE FERRARA, Respondents, Owners & DHPD.

Index No. HP 6116/19

Respondent-owner was represented by Richard Edward Freeman, Esq. of Rheem Bell & Freeman LLP, 20 W. 36 Street,12th floor NY, NY 10018, (212) 239 — 4001; [email protected].
Co-Respondent- DHPDwas represented by Marvin Giovanni Castillo, Esq., Office of Legal Affairs, Judgment Enforcement Unit, 100 Gold Street, Ste, . 6th floor, New York, NY 10038; (212) 863 — 8263; 
[email protected].
Petitioner was not part of the motion.

Frances Ortiz, J.

Recitation as required by CPLR 2219(a), of the papers considered in the review of Respondents' Motion to stay and or vacate the money judgment:
Papers Numbered
Notice of Motion, Affirmation, Affidavit & Exhibits/NYSCEF
Order to Show Cause, Affirmation, Exhibits & Memorandum
of Law 1/NYSCEF 225 — 251, 255, 256
HPD Affirmation in Opposition & Exhibits.2/NYSCEF 258
Reply Affirmation & Exhibits.3/NYSCEF 259 — 267
Supplemental Affirmation in Opposition by HPD 4/NYSCEF 270 — 273
Affirmation in Further Support of OSC 5/NYSCEF 274 - 277
MOTION SEQ. 11
Upon the foregoing cited papers, the Decision/Order of this Motion(s) is as follows:
This is an HP Action involving Marco Werner Meier and Myka Meier (Petitioners) and 451 West Owners Limited, Carole Ferrara Associates, Inc., CFA Management Inc., and Carole Ferrara (Respondents) and co-Respondent, Department of Housing Preservation and Development ("HPD"). Petitioners brought this HP Action on or about June 14, 2019, directing Respondents to correct twenty-six open violations at the subject building 453 West 22nd Street, New York, NY 10011. Judge Timmie Elsner ordered all HPD violations corrected by November 29, 2019.
On March 13, 2020, Petitioners moved by Order to Show Cause seeking civil contempt and civil penalties against the Respondents, alleging they had not complied with the Order. The hearing for this matter began on January 26, 2021, and continued into July 2021. After hearing, this Court per decision and order dated March 4, 2022 granted Petitioners' motion for civil contempt against Respondents and ordered civil fines and penalties to co-Respondent - HPD, totaling $240,560, for failing to correct the violations by November 29, 2019. (NYSCEF Doc. 3). The $240,560 awarded by this Court to HPD against Respondents [FN1]
in civil fines and penalties resulted in a money judgment ("money judgment") also dated March 4, 2022. (NYSCEF Doc. 7). 
Respondents have now filed an Order to Show Cause with Temporary Restraining Order arguing that the money judgment should be vacated. Pending a hearing, Respondents seek a temporary restraining order against any enforcement procedures HPD may use in its attempt to comply with the money judgment.
Respondents' Order to Show Cause seeks to:
(a) Prevent HPD from enforcing the money judgment;
(b) Vacate any restraining notices served by HPD;
(c) Vacate the money judgment against Respondents; Or
(d) Modify the money judgment so that the civil penalties are waived and/or reduced.
(e) Deny/limit/modify any enforcement procedures that could be used by HPD against Respondents; And
(f) Grant Respondents further relief deemed just and proper.
Respondents argue that under CPLR §6301, a preliminary injunction and temporary restraining order against HPD's enforcement should be granted. Respondents claim (i) they have a high probability of success on the merits of the claim because HPD's Notice to Judgment and Restraining Notice (NYSCEF Doc. 237) is defective (ii) without the injunction, there is a danger of irreparable injury to the Respondents through foreclosure and bankruptcy, and (iii) the balance of equities favors Respondents because HPD would not be harmed by a temporary restraining order or preliminary injunction.
Respondents claim they possess a high probability of success on the merits of the claim because HPD's Notice to Judgment and Restraining Notice is defective.
CPLR §5222 (d) requires a copy of the restraining notice and notice to judgment debtor [*2]or obligor to be mailed by first class mail or personally delivered to each judgment debtor or obligor at his or her residence address within four days of the service of the restraining notice, if a notice to the judgment debtor or obligor has not been given within a year before service of a restraining notice. Further, CPLR §5222 (e) provides the form required to be included in the restraining notice.
Respondents claim the notice of judgment debtor failed to satisfy the requirements of CPLR § 5222 (d) because it was not sent to the Respondents' address nor their counsel's address, it failed to include the name of the case, the name of the courthouse, who the notice was directed at, who the judgment debtor is, for what judgment, and in what amount.
Further, Respondents argue that the notice of judgment debtor did not indicate how it was actually served, where it was served, whether it was actually served at the required address, and whether it was placed in an envelope labeled "personal and confidential." For these reasons, Respondents claim HPD's Notice to Judgment Debtor is defective and is thus likely to prevail on the merits, warranting a temporary restraining order and preliminary injunction.
Respondents also claim that crucial information in the form provided in CPLR § 5222 (e) was not included in the notice of judgment debtor sent by HPD. Respondents argue that this constitutes improper service which statutorily precludes HPD from serving the restraining notice and, thus, demonstrates Respondents' likelihood to prevail on the merits and receive injunctive relief.
Additionally, Respondents argue that HPD's Restraining Notice is defective because it omits language required under CPLR § 5222 (a) and (b). Specifically, CPLR § 5222 (a) requires restraining notices state "all of the parties to the action and "the amount of the judgment.." Respondents argue that HPD's Restraining Notice (NYSCEF Doc. 238) incorrectly stated that HPD was a petitioner, it failed to include all of the parties, and it incorrectly stated that interest accrued as of March 4, 2022 because the court order lists that any sums were payable by May 2, 2022. Furthermore, they claim that text in HPD's Restraining Notice meant to reflect CPLR § 5222 (b) slightly deviated from the statutory language. Certain language was omitted from HPD's Restraining Notice. Respondents argue that this is grounds for nullification and vacatur, and therefore establishes the likelihood of their success on the merits. As such, their argument is that without the injunction, there is a danger of irreparable injury to them resulting in possible mortgage foreclosure and bankruptcy. Per Respondents, the enforcement of the money judgment will detrimentally affect their ability to make monthly mortgage and tax payments leading to foreclosure and bankruptcy. It is their claim that cooperative units' owners in the subject building may lose their investments and homes. Accordingly, Respondents claim the balance of equities favors them because HPD would not be harmed by a temporary restraining order or preliminary injunction.
For these reasons outlined above, Respondents believe they have met the standard for a temporary restraining order and preliminary injunction.
Thereafter, Respondents argue that under CPLR § 5015, the court has the power to vacate its own judgments in the interests of justice. A joint application to waive penalties and vacate the Judgment was submitted by the Respondents and the Petitioners (Exhibits Q, R, and T). Respondents thus ask that in the interest of justice and under CPLR § 5015, the court waive the [*3]penalties and vacate the Judgment.
Furthermore, Respondents cite Buxton v. Streany, 68 AD3d 1036 (2nd Dep't 2009); Wright v. Delafield 25 NY 266 (1852) and Lamphere v. Lang, 213 NY 585 (1915) to argue that a defendant is not entitled to relief against another party when that defendant does not assert a claim against that party. Respondents claim that because HPD never asserted a claim against them in the form of a petition, answer, counterclaim or cross-claim, and therefore, no relief should be granted.
Additionally, Respondents claim that proceeding with the Judgment creates a substantial risk of irreparable harm in the form of foreclosure, bankruptcy, mortgage default, eviction and/or displacement. They argue this further warrants the vacatur of the Judgment.
(d) Modify the Judgment so that the civil penalties are waived and/or reduced.
Respondents ask that, in the event the court is unwilling to vacate the Judgment, the court waive or greatly reduce the civil penalties in the interests of justice.
(e) Deny/limit/modify any enforcement procedures that could be used by HPD against Respondents.
Respondents ask the Court in its discretion to vacate, quash, or otherwise release an improper restraining notice. CPLR §5240. Under CPLR §5240, "The Court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure. Section 3104 is applicable to procedures under this article." For the above reasons, Respondents ask the Court to employ its power under CPLR §5240 and restrain, modify, or limit any enforcement measures taken by HPD.
Co-Respondent — HPD — in opposition argues that Respondents did not perfect an appeal of this Court's decision and order dated March 4, 2022, which awarded it the civil penalties judgment of $240,560. As such, HPD claims Respondents have exhausted their remedies to challenge the judgment obtained on the merits. Further, HPD argues that it served a copy of the March 4, 2022 decision and order with notice of judgment letter upon Respondents. (NYSCEF Doc. 252 — Affidavit of Service of Ronald Williamson). Accordingly, HPD concludes that the notice to judgment debtor is not defective because a copy of the judgment was served with the notice. 
 DISCUSSION
A restraining notice serves as an injunction restraining a judgment debtor from making any transfer of property or assets. Here, an Information Subpoena with Restraining Notice was prepared and dated by counsel for HPD on January 22, 2025 and addressed to Respondent — 451 West Owners Ltd. (NYSCEF Doc. 238). HPD submits in opposition to the Respondent's motion proof of service that on May 24, 2024 it served Respondents the Post Hearing Decision and Order with Notice of Entry and Judgment Debtor letter. Specifically, 451 West Owners Limited — 20 West 22 Street, Suite 712, New York, NY 10010 and 451 West Owners Limited — 152 West [*4]57 Street, 12th floor, New York, NY 10019 were served a certified true copy of the Notice to Judgment Debtor via the United States Postal Service. (NYSCEF Doc. 252). Further, improper service of a restraining notice should only invalidate the notice if the would-be recipient did not receive notice. Merely because a restraining notice may have been improperly served does not render it invalid, if it was ultimately received. Kates v Marine Midland Bank, N.A. 143 Misc 2d 721 (Sup. Ct. Monroe Cty 1989). Although Respondents do not dispute receipt of the Notice to Judgment Debtor nor the Information Subpoena with Restraining Notice, there is a fundamental due process right to meet the statutory notice requirements of CPLR §s 5222(a), (b), (d) & (e).
Upon review of the Notice to Judgment Debtor and the Information Subpoena with Restraining Notice (NYSCEF Docs. 237 & 238) prepared by HPD, HPD did not comply with the notice requirements of CPLR §s 5222 (a), (b), (d) and (e). As indicated by Respondents, HPD omitted in the Restraining Notice specific language that appears in CPLR § 5222 (b). Instead, HPD in the Restraining Notice cited to a prior 2009 version of CPLR § 5222 (b). HPD did not comply with CPLR §s 5222 (a) and (e). First, it omitted in the Notice to Judgment Debtor the specific name of the parties in the action, the date the judgment or order was entered and the amount of the judgment. CPLR §s 5222(a). Second, HPD did not provide in Notice to Judgment Debtor the proper content of notice required, when it omitted to include exempt items 10 through 14 on the partial exemption list of CPLR § 5222 (e). 
Due process requires that a judgment debtor be properly apprised when its property may be sought for collection of a judgment. The failure of HPD to meet the requirements of CPLR §s 5222(a), (b), (d) & (e) necessitates vacating the Restraining Notice without prejudice to resubmit with leave of court and upon proper notice. Friedman v. Mayerhoff, 156 Misc 2d 295 (Civ. Ct. Kings Cty. 1992).
Turning to Respondents' remaining arguments, this Court declines to grant the relief sought to vacate or modify the $240,560 money judgment awarded to HPD, after decision and order dated March 4, 2022. Respondents have not presented a basis under CPLR § 5015 in the interest of justice to vacate the judgment. Nor have they presented an excusable default, newly discovered evidence, fraud, misrepresentation, misconduct of adverse party, lack of jurisdiction to render judgment or reversal, modification or vacatur of a prior judgment or order upon which it is based. The argument that Petitioner and Respondents made a joint application to waive penalties and vacate the Judgment (NYSCEF Docs. 246 -248 - Exhibits Q, R and T) is unavailing. Clearly, the fact that Respondents wrote to HPD seeking a waiver of the judgment with the acknowledgment of Petitioner's counsel recognizes HPD's right to the judgment - why else would Respondents write to HPD with such a request? Moreover, Petitioner has no authority to waive the judgment awarded to HPD for civil penalties — only HPD can waive those penalties.
Additionally, Respondents' argument that because HPD never asserted a claim against them in the form of a petition, answer, counterclaim or cross-claim, then HPD should not be awarded the judgment. This argument is equally unavailing. Tenants must name HPD as a co-Respondent in an HP Action. Notice of the proceeding allows HPD to assert the agency's rights and obligations to invoke its authority to inspect the premises and at times cure the violations. It establishes HP Action jurisdiction over the agency to facilitate court-ordered remedial action. This equates to having a tenant-initiated HP Action considered a derivative or quasi-derivative [*5]proceeding. The Housing Maintenance Code was designed with a recognition that HPD does not have the resources to bring proceedings to correct city-wide all HPD violations. Therefore, individuals must file their HP Actions in this manner with HPD as a co-Respondent so that the City of New York by HPD can protect is interests. HP Proceedings: A Primer, Gerald Lebovits, May 2007, pg. 21. Moreover, Administrative Code §27-2120 (a) has always granted HPD the authority to institute an action for an order requiring the abatement or correction of any violation. Dep't of Hous. Pres. & Dev. of City of New York v. Rosenfeld, 84 Misc 3d 38, 219 N.Y.S.3d 529 (AT 2nd Dep't 2024). Based on these circumstances, HPD has indeed asserted a claim against Respondents entitling it to the collection of the judgment this Court awarded it for civil penalties, when it failed to correct the HPD violations.
ORDERED: Respondents' motion to vacate the restraining notice is granted.
And Further
ORDERED: Respondents' motion to vacate, modify or limit the money judgment is denied.
This is the decision and order of this Court. Copies of this decision will be uploaded to NYSCEF.
Date: September 10, 2025
Judge, Civil/Housing Court
Frances Ortiz

Footnotes

Footnote 1: 451 West Owners Ltd, at c/o Carole Ferrara Associates Inc., 20 W 22 St., Suite 712, New York, NY 10010-5852